**ROBERTS & CRAIN vs. JENKINS.**

APPEAL FROM THE COURT OF THE TENTH DISTRICT, FOR THE PARISH OF CADDO, JUDGE CAMPBELL PRESIDING.

In a suit on *a joint note*, where it is shown the defendant signed as surety for the other maker; although the obligation be *joint only in its form*, yet the surety is bound for the whole debt, or is liable *in solido*.

This is an action on the following note against one of the makers only; McLeod, the other, being dead.

" *Shreveport, July 1st, 1839.*"

"$2,459.—One day after date, *we promise* to pay to the order of James G. Jones, the sum of twenty-four hundred and fifty-nine dollars, for value received."

"J. C. McLEOD."
"W. JENKINS."

The defendant Jenkins alone is sued. The plaintiffs allege, he is surety for McLeod, and consequently bound for the whole debt. They propounded interrogatories touching the suretyship, which were neglected to be answered, and taken for confessed.

The defendant admitted his signature and pleaded the general issue; and denied specially, that the plaintiffs were the proper and legal owners of the note in suit.

The district judge was of opinion, from the tenor of the obligation, that it was *joint only*, and that the defendant was liable for only one half. Judgment was rendered accordingly, and the plaintiffs appealed.

*Crain*, for the plaintiffs and appellants.

*Gilbert*, for the defendant.

*Martin, J.* delivered the opinion of the court.

The plaintiffs are appellants from a judgment, in which they have recovered one half only of the amount of the note, on which the suit is brought. It was signed by another person

WESTERN DIS. October, 1841.

ROBERTS & CRAIN vs. JENKINS.

and the defendant, and is therefore on its face a joint note, or obligation.

The plaintiffs and appellants allege, that the defendant signed the note as surety. To establish this, they propounded an interrogatory, which the defendant failed to answer, and it must therefore be taken *pro confesso.* Although on the face of the note, judgment should have been given for the defendant's *virile* part only, the circumstance of his having entered into a contract of suretyship, entitles the plaintiffs to a judgment against him as a surety, notwithstanding the instrument, which is the evidence of the debt, represents him as a joint debtor, and as such liable for only half of the debt. The defendant, by failing to answer the interrogatories, has admitted that he is a surety. He has not said, that he is surety only for a part; and we must consider him as a surety for the whole.

The District Court, in our opinion, erred in restricting its judgment to one-half of the amount of the note.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: and proceeding to give such judgment as in our opinion ought to have been rendered in the court below: It is ordered, adjudged and decreed, that the plaintiffs do recover of the defendant two thousand four hundred and fifty-nine dollars, and eleven cents, with interest thereon at the rate of 5 per cent. per annum, from the 30th November, 1840, until paid; and costs in both courts.