### ALEXANDER BUTLER *v.* JOSEPH M. FORD.

Where in an action on a joint note, it is shown that defendant signed it as surety, he will be liable for the whole amount, though on the face of the instrument, as a joint debtor, responsible only for half.

APPEAL from the District Court of Caddo, *Boyce, J.*

*R. Jones* and *Crain*, for the plaintiff.

*Gilbert*, for the appellant.

MORPHY, J.    This action is brought against the defendant as surety of Samuel Ford, jointly with whom he had signed a note for four hundred dollars, with ten per cent interest per annum from the 13th of June, 1835, the date of said note.    The defendant pleads payment, and the prescription of five years.    There was a judgment below in favor of the plaintiff, from which this appeal has been taken.

The note, on its face, appears to be a joint one, but to establish the suretyship, and recover the whole amount, an interrogatory was propounded to the defendant, which he failed to answer. It must, therefore be taken *pro confesso*, and supports the allegation that he signed the note as surety.    19 La. 453.    The only proof of any payment made by the defendant, results from the plaintiff's answers to interrogatories put to him.    They show that the interest for one year, to-wit, the sum of $40, was paid about fifteen months after the maturity of the note, which was itself payable three days after its date.    This payment is relied on by the plaintiff as interrupting the prescription of five years; but even from the date of this interruption to the 29th of November, 1841, when process of citation was served in this

case, more than five years had elapsed, and we would be bound to support defendant's plea but for his acknowledgment of the debt and his promise to pay it, made a few months before the institution of this action.   A witness testifies that, in March, 1841, he received the note from the plaintiff, and called upon the defendant for payment; that the latter told him that his brother, who had received the money, had promised to pay it; that he would write to him in Mississippi to settle it; and that if he did not do so, he (defendant) would.   The witness replied, that he did not think his brother was in a situation to settle it.   Defendant then said that if he was not, he himself would do it; adding that he was only security, and had received no value. This witness further states, that the defendant's brother has never, to his knowledge, paid the note.

This appears to us such an acknowledgment of the debt as must take the note out of the prescription pleaded by the defendant.   He not only acknowledged his creditor's right to be paid, but promised expressly to pay, if his principal did not, thus destroying the presumption of payment which is the basis of this prescription, and waiving his right to avail himself of it.   This case cannot be distinguished from that of *Shiff* v. *Hertzogg*, reported in 12 La. 456, and must be governed by articles 3486, 3516, 3517, 3518, of the Civil Code.

*Judgment affirmed.*