No. 90.—EPINETUS LANDERS *v.* THOMAS H. TUGGLE.

This is an hypothecary action by a surety on a twelve months' bond, who had paid the debt, to force a sale of the property mortgaged, to reimburse him. The application is opposed by the defendant, who alleges that he was a co-surety on the bond, and therefore the plaintiff is only entitled to recover his portion; that subrogation does not takè place by operation of law between co-sureties. The evidence shows that the defendant was not legally bound as co-surety on the twelve months' bond which plaintiff has paid. Held—That, not being legally bound on the bond as surety, he could not oppose the sale of the property mortgaged for the benefit of the real surety, who had paid the debt.

If the plea of prescription is filed by the defendant, for the first time, in the Supreme Court, and the plaintiff demands it, the cause will be remanded to try that issue in the court below.

APPEAL from the Eleventh Judicial District, parish of Claiborne. *L. B. Watkins*, (attorney at law), Special Judge, *vice* Egan, J., recused. *Young & Wilson* and *J. D. Watkins*, for plaintiff and appellant. *Gray & Blackman*, for defendant and appellee.

TALIAFERRO, J. The plaintiff brings an hypothecary action to subject certain lands in possession of defendant to the payment of a debt of $512 87, which he avers he paid as surety of J. L. Dyer, on a twelve months' bond executed in favor of A. C. & J. E. Mitchell. He claims to be subrogated to all the rights of the original judgment creditors, prays recognition of those rights, and that the land mortgaged be seized and sold to satisfy his claim.

The defendant answered by exception, the substance of which is, that he is also a surety on the bond, and is only responsible for his portion; that, as between co-sureties, subrogation does not take place by operation of law, and that the remedy, if any plaintiff have, is by action for contribution, and that he is not entitled to the relief prayed for.

The exception was sustained, and the suit dismissed. The plaintiff appeals.

There is indorsed on the bond the following:

"I hereby agree and bind myself to pay the full amount of the within bond, and all costs accruing in the collection of the same, and to be considered as a surety on the same, bound, *in solido*, with the principal and other surety.

THOMAS H. TUGGLE.

"September 30, 1862."

The twelve months' bond is dated February 2, 1861. With the exception of a payment of fifty dollars, credited on the bond the second of February, 1862, it appears from the instrument that the bond was entirely paid by Landers. A credit of $415 81 is indorsed as payed by him on the thirteenth of May, 1869, and a further payment by him is credited on the twenty-seventh of August, 1869, of $512 87, being in full. It is for this last payment the plaintiff claims subrogation. The first payment, the one of fifty dollars, is indorsed as paid J. M. Thompson, attorney, about the second February, 1862. This was anterior, by seven or eight months, to the defendant's writing himself down as surety on the bond. The presumption would seem to be that the payment of fifty dollars was made by Dyer, the principal on the bond.

The defendant, then, it is not snown, ever paid any part of the bond. It is not shown that his undertaking to become bound on the bond was required or accepted by the original parties to it. By formal legal proceedings, the plaintiff became the judicial surety of the principal, Dyer. The creditors were satisfied of the sufficiency of the surety. The cause or consideration of the defendant's undertaking is not disclosed. He is not recognized as a judicial surety, or as ever having been accepted as a party to the act by any legal authorization. Occupying the equivocal position that he does, we are at a loss to see on what legal ground he can oppose the plaintiff's right by averring that the plaintiff, if entitled to anything, can only bring an action for contribution. We think the exception should have been overruled.

In this court, the plea of prescription is filed by the defendant, as a bar to the plaintiff's recovery on the bond. This plea may be well taken; and the plaintiff moving that the case be remanded.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the case be remanded to the court of the first instance to be tried on the plea of prescription, the defendant and appellee paying costs of this appeal.