## No. 1704.—PETER ROSS v. S. JOHNSTONE.

In a suit on a promissory note against the maker, parol evidence is admissible to show an interruption of prescription. Section 2 of the act of 1858, No. 208, page 148, requiring written evidence to prove acknowledgment so as to interrupt prescription by persons deceased, does not apply to cases where the maker of the note is living.

The burden of showing that the note sued upon has been paid, falls upon the party who makes the plea; and the exhibit of an open account against the holder of the note, can not be pleaded in compensation or payment of the note.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Fellows & Mills*, for plaintiff and appellee. *Edmund C. Kelley*, for defendant and appellant.

WYLY, J. The defendant, sued as the maker of a promissory note, has appealed from the judgment against him thereon.

The defense is the plea of prescription of five years and the plea of payment.

Our attention is directed to the bill of exceptions taken by the defendant to the introduction of parol testimony to prove the interruption of prescription. We think the evidence was properly received by the court; and the act of 1858, requiring written evidence to establish renunciation of prescription, has no application whatever to the character of evidence necessary to prove an interruption of prescription. The evidence adduced establishes the interruption

As to the plea of payment, it was the duty of the defendant making it to prove it affirmatively and beyond doubt. This he has not done.

The transactions of the parties in the running account between them have no direct connection with the note declared on; and an open account can not be pleaded in compensation to a note.

We think the plaintiff should have damages for frivolous appeal, as prayed for. Let the judgment be affirmed, with ten per cent. damages thereon.