## No. 11,454.

### MAYOR AND COUNCIL OF ALEXANDRIA VS. H. H. WHITE.

Municipal corporations are restricted by their charters with respect to the taxes the corporation may impose on property or occupations. See Burroughs on Taxation, Chap. 19, p. 381; 29 An. 261.

The Legislature may, by general act *i. e.* applicable to all such corporations, enlarge their taxing power—that is, without amending their charters, this enlargement of this taxing power may be effected by general legislation. 1 Dillon, Chap. 5, p. 169; Revenue Act 1890, No. 150, Sec. 14.

#### ON APPLICATION FOR REHEARING.

Legislative provisions conferring the taxing power on cities, towns and parishes are within the scope of the title of the act "To levy, collect and enforce payment of an annual license tax upon persons, associations or business firms and corporations pursuing any trade, profession," etc. Act No. 150 of 1890; Const. La., Art. 29; Municipality vs. Michaud, 6 An. 606; Succession of Lambeth, 9 An. of 333.

Mayor and Council vs. White.

APPEAL from the Justice's Court, Alexandria Ward, Parish of Rapides. *Rachal, J.*

---

*John C. Ryan* Attorney for Plaintiffs and Appellees:

This suit was brought to recover from defendant, an attorney, five ($5) dollars amount of his license for practising law in the limits of the town of Alexandria, during the year 1893. He contends that the town has no right, under its charter, to collect the license, and that the license is illegal and unconstitutional. The magistrate gave judgment in favor of the town, and defendant prosecutes this appeal.

Plaintiffs contend the power is given and conferred by the License Act of 1890, No. 150, by Sec. 14, p. 207, which reads: "Be it further enacted, etc., that any municipal or parochial corporation in the State shall have the right to impose a fair and equitable license tax on any business, occupation or profession herein provided for; provided, that all such license tax shall be graded."

The Legislature had the power to amend the charter of the municipalities in this way. Dillon on Municipal Corporations, 4th Ed., pp. 140, 385, reads: "The powers conferred upon municipal corporations may at any time be altered or repealed by the Legislatures, either by a general law operating upon the whole State, or in absence of constitutional restriction by a special act."

---

*H. H. White* and *J. F. Ariail* Attorneys for Defendant and Appellant:

A statute will not repeal a prior statute merely because it repeals some and admits others, or adds new provisions. 124 U. S. 406.

The provisions of a special act, or special authority derived from the Legislature are not affected by general legislation on the subject. 17 Wall. 425; 100 U. S. 585; Cooley Const. Lim., p. 337; 1 An. 49.

The general rule that a latter statute which is general does not repeal a former one which is particular, and that where there is a difference in the whole purview of two statutes apparently relating to the same matter the former statute remains in force, is applied to the charters of municipal corporations. The law does not favor repeals by implication. American and English Encyclopedia of Law, Vol. 15, p. 974.

The charters or acts of incorporation of municipal corporations within the State are the measure as well as the source of their powers. Mayor vs. Roth, 29 An. 261.

The general rule that the powers of a municipal corporation are to be construed with strictness is peculiarly applicable to the case of taxes on occupations. It is presumed the Legislature has granted in plain terms all it has intended to grant at all. If it is not manifest that there has been a purpose by the Legislature to give authority for collecting a revenue by taxes on specified occupations any exaction for that purpose will be illegal. Cooley Const. Lim., p. 387; Act No. 111, 1868, Sec. 12; Act. No. 150, 1890, Sec. 14; Act No. 138, 1880; New Iberia vs. Migues, 32 An. 923; Act 107, 1868.

The opinion of the court was delivered by

MILLER, J.    There is an appeal under Art. 81 of the Constitution from the judgment of the justice's court of the Alexandria ward, parish of Rapides, in favor of the town of Alexandria, against the defendant for the amount of the license tax as an attorney at law.

The defence is, there is no authority to exact the tax.

The charter of the town, granted in 1868, conferred no power to impose taxes on occupations.    Deriving their existence from their charter, municipal corporations can exert the taxing power only to the extent authorized by the Legislature.    Dillon on Municipal Corporations, Vol. 2, Secs. 740, 763; Mayor vs. Roth, 29 An. 261; Board of Trustees vs. Migues, 32 An. 923.    The Legislature, however, in the revenue acts of 1886 and 1890, has manifested its appreciation that all parochial and municipal corporations should possess the power to impose license taxes.    These acts declare that all municipal or parochial corporations shall have the right to impose a fair and equitable license tax on any business, occupation, or profession herein provided for; provided, that license shall be graded.    See Act No. 101 of 1886, Sec. 13; Act No. 150 of 1890, Sec. 14.    These acts provide for license taxes on attorneys.    In pursuance of this authority, the plaintiff, by ordinance, imposed such licenses and under that ordinance the defendant is sued.

In our opinion it was competent for the Legislature by a general statute to enlarge the taxing powers of parochial and municipal corporations.    1 Dillon Municipal Corporations.    If in the legislative wisdom such increase of the corporate powers was beneficial, it is not easy to appreciate any objection to a general law, i. e., applicable to all municipal or parochial corporations, declaratory of the legislative purpose.    The defendant contends, on the contrary, that the charter of Alexandria should have been amended under the Act No. 110 of 1880, providing for amendments to charters of towns or cities, and it is urged, it was only by such amendment, the power to tax occupations could have been conferred on plaintiff.    While under the act of 1880 the town might have obtained the necessary amendment conferring the power to exact licenses, still the competency of the Legislature by general act to deal with the subject is, in our view, undoubted.    Again, the defendant urges that the charter of Alexandria being special legislation is not to be deemed affected by provisions applicable to towns generally, contained in the Revenue

452     SUPREME COURT OF LOUISIANA.

Acts of 1886 and 1890. But the express purpose of the provisions of the revenue acts under consideration was to supplement with the right to tax occupations the powers of all parochial and municipal corporations not clothed with that right by their charters. The charter of Alexandria not conferring any taxing power in respect to occupations was clearly within the scope of the provisions in the revenue acts.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed at the costs of the appellant.

The defendant in his application for a rehearing in this case directs our attention to his defence that the power to tax occupations or professions conferred on municipal and parochial corporations by the acts of the Legislature of 1886 and 1890 is not embraced in the titles of the acts. We had not overlooked the point, but did not appreciate it was pressed. The titles are to levy, enforce and collect a license tax, etc. The act was intended to embrace the State and the political corporations—cities, towns and parishes, each exerting within its sphere the taxing power. In the body of the act the power is conferred on parochial and municipal corporations to levy license taxes. We think these provisions are fairly within the scope of the title to be construed as expressed by the court according to the understanding of reasonable men. Const., Art. 29; 6 An. 605; 9 An. 239; Act No. 161 of 1886, Sec. 13; Act No. 150 of 1890, Sec. 14.

It is therefore ordered that the application for the rehearing be refused.