(73 South. 269)

No. 22114.

## CANAL BANK & TRUST CO. et al. v. BANK OF ASCENSION.

(Dec. 11, 1916.)

*(Syllabus by the Court.)*

1. CORPORATIONS ⬤═432(1) — FUNCTIONS AND DEALINGS—CONTRACTS—PERFORMANCE.

Where payments of interest are made annually, in accordance with a written contract, by the president of a corporation on a debt due by the corporation, the payments are presumed to have been made by the company and not by the president in his individual capacity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1718, 1726, 1743, 1762; Dec. Dig. ⬤═432(1).]

[1]Ante, p. 457.

2. LIMITATION OF ACTIONS ⬤═157(3)—PRESCRIPTION—OPERATION—PAYMENT OF INTEREST.

The payment of interest on a promissory note interrupts prescription.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 633; Dec. Dig. ⬤═157(3).]

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Charles T. Wortham, Judge.

Action by the Canal Bank & Trust Company and another against the Bank of Ascension. From a judgment for defendant, plaintiffs appeal. Affirmed.

Borron & Wilbert, of Plaquemine, and Dart, Kernan & Dart, of New Orleans, for appellants. Pugh & Lemann, of Donaldsonville, for appellee.

SOMMERVILLE, J. The Bank of Ascension caused executory process to issue, October 27, 1915, against certain property of the Maurin Company, Limited, on notes dated October 14, 1903, and made payable October 14, 1905, October 14, 1907, and October 14, 1909.

The Canal Bank & Trust Company and the Farmers' National Bank enjoined the sale of the property; on the ground that they held mortgage notes bearing on the property seized, which, although subsequent in date to those held by the Bank of Ascension, were entitled to be paid by preference out of the proceeds of the property seized, on the ground that the three notes held by the Bank of Ascension, and upon which executory process issued, were prescribed on their faces by the lapse of five years.

There was judgment in favor of the defendant, the Bank of Ascension, and plaintiffs in injunction have appealed.

On the trial of the cause, the Bank of Ascension offered in evidence the several indorsements on the backs of the three notes held by it, showing that interest had been

paid annually on each one of the notes. Some of these indorsements are not signed, while others are signed "V. Maurin"; and the evidence shows that he was the president and treasurer of the Maurin Company, Limited. The act of mortgage was duly reinscribed.

[1] It was contended by the plaintiffs in injunction that the payments of interest made by V. Maurin were made by him individually, and that they did not have the effect of interrupting prescription of the three notes. They further contend that the president and treasurer of the Maurin Company, Limited, was not shown to have been authorized to pay the interest annually on the notes of the company, and that the presumption is that he paid the interest personally, with his own funds.

It will be presumed, in the absence of evidence to the contrary, that payments made by the president and treasurer of a corporation, in the ordinary course of business, have been made by the corporation, with corporation funds; and that the payments have been authorized.

In this case, the evidence shows that a resolution was offered and adopted at a meeting of the board of directors, wherein it was resolved, in part:

"That Victor Maurin, the president of this corporation, be and he is hereby authorized to purchase for and in the name of this corporation, on the following terms, to wit: $8,000, payable as follows, $2,000 cash, and the balance in installments of $2,000 each, payable two, four, and six years after date with 8 per cent. interest per annum, interest payable annually, said credit portion secured by vendor's lien and privilege," etc.

The resolution further provides:

"Said president is hereby authorized to sign the act of sale, the vendor's lien and mortgage notes, and to perform all acts as are requisite for and in behalf of this corporation."

The purchase was made and the act was signed by the president and treasurer; the notes for the credit portion were issued and signed by him, duly paraphed; and the interest was regularly paid by him annually. The company was thus obligated to pay the debt, including the interest, which was paid annually by the president, and he was authorized to make these payments, or partial payments. And, when the notes were presented by the holder thereof to V. Maurin, as the representative of the Maurin Company, Limited, and he paid that interest, he was discharging the obligation or debt of the company.

[2] The payment of the interest annually was proved by the persons who collected it from the Maurin Company, Limited; and the indorsements which were signed by V. Maurin, and those which were unsigned, were proved to have been in the handwriting of V. Maurin.

The Bank of Ascension, the seizing creditor, has proven the interruption of prescription on the notes held by it; and the injunction suit of plaintiffs must fail.

Judgment affirmed.