O'NIELL, C. J., concurs, except in the judgment on the demand in reconvention.

———

(107 So. 286)

No. 27476.

BENNETT–BREWER HARDWARE CO., Inc., v. WAKEMAN.

In re WAKEMAN.

(Jan. 4, 1926. Rehearing Denied Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. Limitation of actions ⬿146(2)—Prescription; parol acknowledgment of account interrupts 3 years' prescription, but it does not shift prescription of 3 years to one of 10 years.

Parol acknowledgment of account interrupts 3 years' prescription, which thereupon begins to run anew, but it does not shift prescription of 3 years to one of 10 years.

2. Limitation of actions ⬿148(1)—Prescription; acknowledgments, required to interrupt prescription applicable to accounts, are those which acknowledge debt claimed.

Acknowledgments, required by Civ. Code, art. 3520, to interrupt prescription applicable to accounts, are, in view of article 3551, those which acknowledge debt claimed.

3. Statutes ⬿159—Repeals by implication are not favored; and, if possible to reconcile statutes, courts will do so.

Repeals by implication are not favored; and, if it is possible to reconcile statutes by any fair and reasonable construction, courts will do so.

4. Limitation of actions ⬿146(2)—Prescription; verbal acknowledgment of, or promise to pay, account, is sufficient to interrupt three-year prescription running against it.

Under Act No. 78 of 1888, amending and re-enacting Civ. Code, art. 3538, articles 3520 and 3551, verbal acknowledgment of, or promise to pay, account, is sufficient to interrupt three-year prescription running against it; Act No. 78 of Laws. 1888 not abrogating articles 3520 and 3551, but limiting manner in which character of account subject to prescription of 3 years can be changed so as to be subject to prescription of 10 years.

O'Niell, C. J., dissenting.

Application by Joseph P. Wakeman for a writ of certiorari to review the judgment of the Court of Appeal, Second Circuit, in action by the Bennett-Brewer Hardware Company, Inc., against applicant. Rule nisi discharged, and judgment affirmed.

Overton & Hunter, of Alexandria, for applicant.

Provosty & West, of Alexandria, for respondent.

ROGERS, J. The sole inquiry here is whether the prescription of 3 years applicable to accounts may be orally interrupted. The answer to the question requires the interpretation of Act 78 of 1888, amending and re-enacting Civ. Code, art. 3538. Prior to its amendment, the codal article read, in part, as follows:

"The following actions are prescribed by three years: * * * That on all other open accounts.

"This prescription only ceases from the time there has been an account acknowledged, a note or bond given, or an action commenced."

The amendatory statute substituted for the words "all other open accounts" the words

"all other accounts," and added the words "in writing" after the word "acknowledged."

[1] Under the original article, the jurisprudence was that an account which had been orally acknowledged was no longer an open, but a closed, account, subject to the prescription of 10 years; so that by a mere oral acknowledgment the character of an obligation was changed from an indebtedness subject to only a 3 years' prescription to a personal debt prescribed by 10 years. In Block v. Papania, 121 La. 683, 46 So. 694, this court held that the act of 1888 was enacted to prevent that result; that the parol acknowledgment of an account only interrupts the 3 years' prescription, which thereupon begins to run anew, and that such acknowledgment has not the effect of shifting the prescription of 3 years to a prescription of 10 years. Our re-examination of the question has convinced us of the correctness of that opinion, and we adhere to the views therein expressed.

[2, 3] Civil Code, art. 3538, does not refer to or control the "interruption" of prescription. It only enumerates the various obligations to which the prescription of 3 years is applicable. The causes "interrupting" prescription acquirendi causa are set forth in articles 3516 to 3520, both inclusive, contained in paragraph 5, § 2, c. 3, tit. 23, of book 3 of the Code. Article 3520 provides:

"Prescription ceases likewise to run whenever *the debtor*, or possessor, makes *acknowledgment* of the *right of the person* whose title they prescribe." (Writer's italics.)

The causes "interrupting" prescription liberandi causa are to be found in articles 3551 to 3555, both inclusive, contained in paragraph 6, § 3, same chapter, title, and book. Article 3551 reads, in part:

"The prescription *releasing debts* is interrupted *by all such cases as interrupt the prescription by which property is acquired,* and which have been explained in the first" (second) "section of this chapter."

The acknowledgment required by the Code is an "acknowledgment of the right" (article 3520), i. e., of the "debt claimed" (article 3551). Shultz v. Houghton, 36 La. Ann. 407. And parol evidence is admissible to prove such acknowledgment. Bernstein v. Ricks, 21 La. Ann. 179; Ross v. Johnstone, 23 La. Ann. 109; McDaniel v. Lalanne, 28 La. Ann. 661; Boullt v. Sarpy, 30 La. Ann. 496; People's Bank v. Girod, 31 La. Ann. 592; Utz v. Utz, 34 La. Ann. 752. Under these codal provisions the mere verbal acknowledgment of an account or a verbal promise to pay the same is sufficient to interrupt the 3-year prescription running against it. It is reasonable to conclude, therefore, that the Legislature, in amending article 3538, did not intend to abrogate articles 3520 and 3551. Repeals by implication are not favored; and, if it is possible to reconcile statutes by any fair and reasonable construction, the courts will do so.

[4] We think that the purpose of the act of 1888 was to limit the manner in which the character of an account subject to the prescription of 3 years should be changed so as to place it in the category of other personal debts subject to a prescription of 10 years. Under this interpretation of the statute articles 3520 and 3551 of the Code remain in full force and effect.

As was said in Block v. Papania, referred to supra:

"The present decision in no wise departs from that of Sleet v. Sleet, 109 La. 303, 33 So. 322."

For the reasons assigned, the rule nisi issued herein is discharged, and the judgment of the Court of Appeal is affirmed at the cost of the relator.

OVERTON, J., recused.

O'NIELL, C. J. (dissenting). The decision rendered in this case is not only contrary to the exact language of the Act 78 of 1888, amending article 3538 of the Civil Code,

but is also contrary to the ruling made in Sleet v. Sleet, 109 La. 302, 33 So. 322.

The statute declares that the prescription of 3 years, running against an account, whether it be an open or acknowledged account, ceases only from the time the account is acknowledged *in writing*, or a note or bond is given, or an action is commenced. The court now holds that the prescription is interrupted, or ceases, when the account is acknowledged not in writing, but only verbally.

Before the article of the Code was amended, it provided that all *open* accounts, not acknowledged accounts, were prescribed by 3 years, and that the prescription ceased from the time the account was *acknowledged*. The article, originally, did not say that the acknowledgment, in order to interrupt prescription, had to be in writing. The jurisprudence, therefore, as shown by the list of decisions cited in the majority opinion (which decisions were rendered before the article of the Code was amended), was that the acknowledgment, to interrupt the prescription of 3 years against an open account, did not have to be in writing. By the Act 78 of 1888, the Legislature has declared that the prescription of 3 years, running against an account, does not cease when the account is acknowledged unless the acknowledgment is in writing. To make matters plain, the Legislature has made two changes in the article of the Code, viz.: Where the article said that "all other open accounts" were prescribed in 3 years, the Legislature has said that "all other accounts," whether open or acknowledged, are prescribed ·in 3 years; and, where the article of the Code said that the prescription of 3 years running against an open account would cease whenever the account was "acknowledged," the Legislature has said that the prescription shall cease only when the acknowledgment is "in writing." The net result of the amendment is that the prescription of 3 years runs against all accounts, whether they be open accounts

or closed or acknowledged accounts; the prescription being not interrupted by an acknowledgment, unless it be in writing.

It is true that the writers of the Code did not say that the prescription was *interrupted*, but said that it *ceased*, from the time when the *open* account was acknowledged. And so, as amended, the article says, not that the prescription against accounts is *interrupted*, but that it *ceases*, when the account is acknowledged in writing. But what difference does that make? Prescription is not *interrupted* unless it *ceases* and begins anew. The manifest reason why the writers of the Code used the word "ceases" instead of the expression "shall be interrupted" was that they were giving several· methods by which the prescription might cease or be interrupted, viz.: By an acknowledgment of the *open* account, by the giving of a note or bond, or by the commencement of an action on the account. Whenever an *open* account was *acknowledged*, whether verbally or in writing, the prescription of 3 years ceased, according to·the article of the Code as originally written; and the prescription of 3 years did not then begin anew, because, according to the original language of the article of the Code, the prescription of 3 years ran only against *open* accounts, not against *acknowledged* accounts. If a note or bond is given for an account, the debt is, of course, novated, *quoad* the prescription. If an action is commenced on an account, the prescription ceases and remains in suspense while the suit is pending. If the suit be discontinued or abandoned, "the interruption (of prescription) shall be considered as having never happened." See Rev. Civ. Code, art. 3519. If the suit results in a judgment for the debt, it is prescribed by the lapse of 10 years. See Rev. Civ. Code, art. 3547.

As I understand, the majority opinion is that the word "ceases," as used in the article of the Code, does not mean "is interrupted," but means "forever comes to an end."

If that were true, the commencement of an action on an open account would forever put an end to the prescription of 3 years, against the account, even though the action might afterwards be discontinued or abandoned. If a debtor should merely date and sign an acknowledgment of an open account thus, "Acknowledged," or "Approved," or "Correct," or "O. K.," could any one doubt that the prescription of 3 years would be merely interrupted and begin anew, in the light of the statute which has cut out the word "open" and says that "all other accounts," whether open or acknowledged, are subject to the prescription of 3 years?

In Sleet v. Sleet, 109 La. 302, 33 So. 322, the ruling was that the prescription of 3 years running against an open account was not interrupted by a verbal acknowledgment of the account. The court made a mistake in saying (109 La.,308, 33 So. 325) that the only change that the amending statute had made in the article of the Code was to substitute for the words "all other open accounts" the words "all other accounts." The court overlooked the addition of the words "in writing" after the word "acknowledged," which addition, however, was merely a corollary of the first change made—in omitting the word "open." Here is what the court said in Sleet v. Sleet, 109 La. 308, 33 So. 325, viz.:

"The only change that the statute makes in the article amended is in substituting for the words 'all other open accounts' the words 'all other accounts,' and the effect is that the prescription denounced [sic] is now made to apply to accounts stated or rendered, and verbally or tacitly acknowledged, as well as to open accounts not so acknowledged. This being the case, it makes no difference whether the account sued on is an unacknowledged open account, or whether it is an account stated or rendered, and verbally or tacitly acknowledged, *since it is not asserted that it has been acknowledged in writing*, or that any note or bond has been given, or that it has ever been sued on before, from which it follows that the prescription running against it can have been *interrupted* only by the institu-

tion of the present action." (The italics are mine.)

The court ruled, in the case cited, that all charges or items that were 3 years old when the suit was filed and citation served, excepting those charges to which subsequent payments were to be imputed, were prescribed, because the prescription had not been interrupted by the partial payments or acknowledgments not in writing.

It is said in the majority opinion in this case that it is reasonable to conclude that the Legislature, in amending article 3538, did not intend to abrogate articles 3520 and 3551, which say that—

"Prescription *ceases* likewise to run whenever the debtor, or possessor, makes acknowledgment of the right," etc.

Articles 3520 and 3551 do not say that the acknowledgment must be in writing, but the Act 78 of 1888, amending article 3538, and dealing only with the prescription of 3 years against all accounts, does say that the acknowledgment, to have the effect of making the prescription "cease" or be interrupted, must be in writing. There is no conflict between the articles 3520 and 3551, on the one hand, dealing with the interruption of prescription generally, and article 3538, as amended by the Act 78 of 1888, dealing only with the prescription of 3 years against accounts. Of course, the statute on the particular subject has not abrogated the articles on the general subject, which do not specify how the acknowledgment shall be made, in order to interrupt prescription.

I observe that it is conceded in the majority opinion that the expression "prescription ceases," in article 3520, under the rubric *"of the causes which interrupt prescription,"* has the same meaning as the expression "is interrupted," in article 3551, under the rubric *"of the rules relative to the prescription operating a discharge from debts."* Hence it must be conceded that the word "ceases" in

article 3538, as amended by the act of 1888, means "is interrupted." In article 3535, dealing with the prescription of one year, it is said:

"It only ceases from the time when there has been an account acknowledged, a note or bond given, or a suit instituted."

It is said in the majority opinion in this case:

"Civil Code, art. 3538, does not refer to or control the 'interruption' of prescription. It only enumerates the various obligations to which the prescription of 3 years is applicable. The causes 'interrupting' prescription acquirendi causa are set forth in articles 3516 to 3520, both inclusive. * * * The causes 'interrupting' prescription liberandi causa are to be found in articles 3551 to 3555, both inclusive," etc.

I have already called attention to the fact that, in article 3520, speaking of the causes "interrupting" prescription, the word "ceases" is used to say that prescription "is interrupted," viz.: "Prescription ceases likewise to run whenever the debtor," etc. That language is copied literally from the Code of 1825 (article 3486), in the French text of which the words "is interrupted" are used instead of the words "ceases," viz.: "La prescription est interrompue égalment par la reconnaisance que le débiteur," etc.

It is well settled that, if there is any difference in the meaning of the French text and the translation of the Code of 1825, the French text must prevail. Therefore, if there is a difference between the meaning of the words "La prescription est interrompue égalment" and the words "Prescription ceases likewise," we must say: "The prescription is interrupted likewise."

And now, as a further demonstration of the fact that the translators and redactors of the Civil Code of Louisiana, like the compilers of the French Code, used the words "prescription ceases" as meaning "prescription is interrupted," let me call attention to the fact that article 3535, which contains the same provision, with regard to the interruption of the prescription of 1 year, that is contained in article 3538, with regard to the interruption of the prescription of 3 years, is copied from article 3500 of the Code of 1825, the French text of which is:

"Elle ne cesse de courrir que lorsqu'il y a eu compte arrêté, billet ou obligation, ou citation en justice."

The translation into the English text is:

"It only ceases from the time when there has been an account acknowledged, a note or bond given, or a suit instituted."

That is also the language of article 3538, with regard to the interruption of the prescription of 3 years, except that, after the word "acknowledged," the Legislature has, by the Act 78 of 1888, added the words "in writing."

I submit, therefore, that there is no warrant or reason whatever for this court to say that the word "ceases," in article 3538 of the Code, does not mean "is interrupted." I concede that it was so thought by the Court of Appeal, in Block Co. v. Papania, 121 La. 683, 46 So. 694; and the opinion of that court was copied and approved by this court. But the case came up on a writ of review, and was therefore not argued. The ruling is a palpable error, is contrary to the plain language of the Code, and ought to be corrected.

The idea expressed in the majority opinion in this case, that, because the Act 78 of 1888 does not purport to amend articles 3520 and 3551 of the Civil Code, therefore it cannot mean that an acknowledgment of an account must be "in writing," as the statute plainly says, in order to interrupt the prescription of 3 years, is not well founded. The statute does not amend or conflict with article 3520 or 3551 of the Code, but merely goes further, and says that the acknowledgment, mentioned in article 3520 and referred to in article 3551, must be "in writing," in order to interrupt that particular prescription which alone is dealt with in the statute.

Besides, it is too well settled to admit of argument that a statute that purports to amend only one statute, or only one article of the Code, or section of the Revised Statutes, may have the effect of amending or repealing other laws on the same subject, without referring to them in either its title or its text. See Succession of Lanzetti, 9 La. Ann. 333; City of Alexandria v. White, 46 La. Ann. 449, 15 So. 15; State v. Walters, 135 La. 1095–1097, 66 So. 373, 374.

I do not see how the Legislature could possibly say to us more plainly than it has said in the Act 78 of 1888 that the prescription of 3 years against an account is not interrupted by a verbal acknowledgment of the account.