No. 4547

First Circuit

---

P.AINE v. TODD

---

(June 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Prescription—Par. 91, 167.**

The debt of a physician for visits and treatment is barred by three years' prescription under Civil Code, Article 3538, and this prescription is not interrupted by statements mailed to the patient who did not answer.

Appeal from the District Court, Parish of St. Tammany. Hon. Prentice B. Carter, Judge.

Action by R. B. Paine against Aaron G. Todd.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Miller and Heintz, of Covington, attorneys for plaintiff, appellant.

Lindsey McDougall, of Covington, attorney for defendant, appellee.

ELLIOTT, J. Suit by a physician for visits and treatment. Defendant denied owing the account and alleged in the alternative that if any debt had existed, that it was barred by the prescription of three years.

Dr. R. B. Paine claims of Aaron G. Todd a balance of $963.00 for professional services rendered Todd, commencing December 27, 1920, and terminating July 29, 1921. The total charge was $1000.00, but credit is given for $25.00 paid at one time and $5.00 paid at another, both during the year 1921, and plaintiff further credits the account with rides in an omnibus, alleged to have been operated by defendant and his brother. These rides amounting in all to $7.00 is alleged to have been taken during the years 1920, 1921, 1922, 1923, the last one in March, 1924. These rides added to the cash received leaves $963.00, claimed as above stated.

Defendant denies owing the plaintiff. He admits paying $25.00 at one time and $5.00 at another in 1921, but denies owing or paying any further amount and prays that plaintiff's demand be rejected. Defendant further alleged a recent discharge in bankruptcy and pleads that if he did owe the plaintiff, that whatever he owed was discharged by his discharge in bankruptcy and he also pleaded alternatively and in addition the prescription of three years under the law, Civil Code, Article 3538. The case was taken up and partially tried on the question of prescription, but after hearing some evidence the exception was referred by the court to the merits without prejudice and the trial was proceeded with until it was finished on the merits. After hearing all the evidence, the plea of prescription was sustained and plaintiff's demand rejected on that account. The plaintiff appealed.

The suit was filed April 17, 1926, and the defendant was cited the same day. At that time more than five years had elapsed since the last service charged for had been rendered. The plaintiff urges that the judgment sustaining the plea of prescription is erroneous. That supposing the debt to have existed as alleged, that prescription was interrupted and prevented from barring the claim. The plaintiff testified that he sent to defendant through the mail statements of account, showing the cash credits paid and also credits for the rides taken in the omnibus operated by defendant. That defendant must be supposed to have received these statements and that he never at any time urged to plaintiff any objections to the amount charged, nor to the credits given him on account; that defendant's failure to object served to interrupt prescription, citing Flower vs. O'Bannon, 43 La. Ann. 1042, 10 South. 376; Block Co. vs. Papania, 121 La. 683, 46 South. 694, and to which we add as bearing on the question Sleet vs. Sleet, 109 La. 302, 33 South. 322, and Bennett-Brewer Hdw. Co. vs. Wakeman, 160 La. 407, 107 South. 286. As the court decided the case on the question of prescription we do not consider the other defenses, and restrict our ruling to the same question. Defendant denies that he received the statements said to have been sent him through the mail; denies that plaintiff had the right or the authority to credit him with rides as claimed by plaintiff and testifies that he never charged plaintiff with any rides, nor authorized it to be done. The evidence

in the record does not establish an interruption of prescription. Therefore if any amount was due the plaintiff as claimed by him in his petition, it is barred by the prescription pleaded against it.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.