HIRSCH v. MONTGOMERY

———

(May 21, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana    Digest — Prescription—Par. 179, 183.**

Partial payments on a bill made several months after a futile protest against the amount of the charge constitute an acknowledgment of the debt and interrupt prescription.

Appeal from First City Court, Div. "B." Hon. Val J. Stentz, Judge.

Action by Dr. Julian Hirsch against William J. Montgomery.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Thomas J. Dobbins, of New Orleans, attorney for plaintiff, appellee.

William C. McLeod, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit for One hundred fifty ($150.00) Dollars, balance due on a surgeon's bill of Three hundred ($300.00) Dollars for a successful appendicitis operation on the wife of defendant, performed on September 22, 1923.

The defense is a denial of the indebtedness accompanied by a plea of prescription.

There was judgment for plaintiff and defendant has appealed.

The evidence shows that the operation was performed on September 22, 1923, by plaintiff, after his diagnosis and recommendation of operation had been confirmed by Dr. H. B. Gessner, a surgeon of high repute in this city; that bill for Three hundred ($300.00) Dollars was rendered early in the following December, whereupon defendant and his wife protested verbally to plaintiff against its size, but plaintiff refused to make any reduction; on December 18th, a day or two later, defendant sent a check for Fifty ($50.00) Dollars, and on December 18th wrote a letter renewing his protest, stating that the charge was excessive for the services performed and that his financial ability to pay had been overestimated by plaintiff.

On December 28, 1923, plaintiff wrote that removal of the appendix under a local anaesthetic under the circumstances of this case was not a minor operation, that he considered the bill reasonable and would not reduce it, though he was willing to be lenient in allowing time for payment.

Without further communication defendant made following payments:

| | |
|---|---|
| February 9, 1924 | $25.00 |
| March 31, 1924 | 25.00 |
| May 16, 1924 | 25.00 |
| August 15, 1924 | 25.00 |

On July 16, 1925, in response to a letter of plaintiff's then attorney demanding immediate payment of balance, defendant swears he explained the entire matter to the attorney without admitting correctness of the bill and refused to pay anything more, but in rebuttal of this statement, plaintiff testifies that he telephoned defendant before filing suit, that prescription had nearly run and defendant promised to let him hear further but failed to do so.

The evidence further shows that such an operation performed with only local anaesthesia on account of the then physical condition of the patient is more difficult and more delicate than a similar performance with a general anaesthetic.

Both plaintiff and Dr. Gessner testify that it was considered a major operation and reasonably worth the price charged.

Defendant's main argument is that payment of a part of the bill after futile protest as to its size did not constitute acknowledgment of claimant's right and in support of his contention, he relies mainly on two cases, Bennet-Brewer Hardware Co. vs. Wakeman, 160 La. 407, 107 So. 286 and Shultz vs. Houghton, 36 La. Ann. 407.

As the former case does not deal with the point herein considered, it need not be discussed. The decision in the latter case is based on lack of evidence as to acknowledgment rather than as to the right. In the course of his brief opinion Judge Fenner uses the following language:

"It is claimed, however, that defendant made a general acknowledgment of indebtedness, which is sufficient to interrupt prescription.

"The evidence on this point is of the vaguest and most general character, not pretending to give the language, or definite purport of the language used.

"It is very clear the defendant never made an 'acknowledgment of the right' claimed by the creditors, which was the right to claim the amount shown due by the account.

"Non constat that after examining his papers he might not have disputed any indebtedness whatever, the account being one of large debits and credits."

The last paragraph above quoted, though by no means clear, may be construed as holding that there was a denial of all indebtedness.

In support of this decision the learned Justice quotes from the decision in the

case of Lackey vs. Macmurdo, 9 La. Ann. 17, where the suit was on a partnership note of the firm W. L. Addison & Co., of which defendant was a member and where evidence showed that defendant, after refusing to pay the notes on the ground that it was a firm and not an individual debt, had offered to pay Fifteen Cents on the dollar, the amount which all creditors were accepting in full settlement.

Here, although the Supreme Court held that acknowledgment might be inferred and not express, it found the assent therein insufficient to interrupt prescription.

Neither this case nor any of the other three cases referred to by Justice Fenner go so far as contended by the defendant, they are all based on the question of the insufficiency of the evidence of verbal acknowledgment.

Here there is no question of oral acknowledgment. The defendant made five payments on the bill after plaintiff had definitely refused to reduce it. Had defendant stated or written that One hundred and fifty ($150.00) Dollars was his maximum and that he denied owing anything more, his case would have been far stronger, but there is no such proof. The record contains no testimony that he ever offered to pay any fixed amount. On the contrary when last spoken to about the bill, he promised to take it up later, but made no claim that it had been settled. Such a futile protest had no legal significance. It was mere trade talk, "brutum fumen,"

and could not change the right of the creditor, who had every reason to presume from defendant's continued payments after his refusal of defendant's request for reduction that he acquiesced in the charge. Disputes about the size of bills are common, and to hold that they changed the rights of the creditor without his knowledge or consent would open the door to untold litigation.

Under the evidence adduced here defendant has acknowledged by his payments and by his silence acquiesced the right of the creditor.

The decision of the Supreme Court in Clarkson vs. Williams, 29 Ann. 247, to the effect that the payment of a small portion of a debt was a sufficient acknowledgment thereof to prevent prescription is controling in this case.

See also Butler vs. Ford, 9 Rob. 112; Collier vs. Creditor, 12 Rob. 398; Cockfield vs. Farley, 21 La. Ann. 521; Canal Bank vs. Ascension Bank, 140 La. 465, 73 So. 269; D. H. Holmes, Ltd., vs. Edw. J. Heller, No. 11,165, decided by this Court on February 27, 1928.

After a careful review of the authorities this Court in the last cited decision held that a partial payment constituted an acknowledgment of the debt and interrupted prescription.

We agree with the trial Judge that the evidence proves that the bill was reasonable.

For above reasons, the judgment is affirmed.