HUERSTEL v. PINGEL

———

(May 11, 1931.  Opinion and Decree.)

———

[redacted]

John J. Wingrave, of New Orleans, attorney for plaintiff, appellee.

Dart & Dart and Louis C. Guidry, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.  Plaintiff brought this suit on August 5, 1930, alleging that he had loaned Valentine Pingel $684.95 on October 16, 1925, with the understanding that it was to be returned to him within one year.  He also alleges that "in the course of said indebtedness" the obligation had been reduced by partial payment to $619.50, for which amount he asked judgment.  No appearance having been made on the part of defendant, default was entered and confirmed on October 8, 1930.  Defendant prosecuted a devolutive appeal, and, in this court, filed a plea of prescription of three years.

It is apparent that, since the debt for which this suit was instituted matured October 16, 1926, and the suit was not filed until August 5, 1930, more than three years had elapsed.  However, where a plea of prescription is filed in an appellate court, the proof in support of it must affirmatively appear on the face of the proceedings in the lower court.  Henderson v. Whaley, 6 La. App. 344.  The record before us does not indicate when the payment on the original loan by which it was reduced from $684.95 to $619.50 was made.  It is possible that the date of this payment may have resulted in the interruption of prescription; consequently we are not in a position to determine whether the claim of plaintiff has been prescribed or not.  Hirsch v. Montgomery; 8 La. App. 245; Butler v. Ford, 9 Rob. 113; Collier v. His Creditors, 12 Rob. 398; Canal Bank v. Ascension Bank, 140 La. 465, 73 So. 269.

We have concluded to remand the case for the administration of proof on the plea of prescription, since plaintiff has requested us to do so.

"If the plea of prescription is filed by the defendant, for the first time in the Supreme Court, and the plaintiff demands it, the cause will be remanded to try that issue in the court below." Landers v. Tuggle, 22 La. Ann. 443.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this case be remanded to the civil district court for further proceedings according to law and consistent with the views herein expressed.