**AMERICAN FURNITURE CO., Inc., v. PATTERSON.**

No. 4867.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

Mabry & Carstarphen, of Shreveport, for appellant.

Chandler & Chandler, of Shreveport, for appellee.

MILLS, Judge.

On December 23, 1929, plaintiff sold to defendant a bill of goods amounting to $179.40, and on June 18, 1930, another of $192.70, a total of $372.10. From the date of the first purchase, small payments were periodically made. On July 7, 1932, $64 was paid and on the 19th of the same month a last payment of $20. The balance remaining is $160.10, to recover which plaintiff brings this action, coupled with a prayer for a writ of sequestration to protect its vendor's lien. The record fails to show that a writ ever issued. There is no note of evidence in the record which, however, does show the filing of the sworn itemized account by plaintiff.

Defendant pleaded the prescription of three years, as provided in article 3538 of the Civil Code, and an answer amounting to a general denial.

The condition of the record and the brief of counsel reveal that defendant's sole reliance on appeal from a judgment for plaintiff, as prayed for, is the prescriptive plea. As suit was not filed until July 14, 1933, it is apparent that the plea should be sustained unless plaintiff is correct in its contention that prescription was interrupted by the payments.

It will be noted that this is not a running account, but one of two separate and distinct sales. Imputing the payment to the oldest account, we find it paid in full and a balance of $32.60 to be applied to the second purchase, dated June 18, 1930. This $32.60 is part of the two payments made July 7 and 19, 1932, less than three years after the second purchase. The only question then is whether or not a payment on an account constitutes an acknowledgment of it and interrupts prescription.

Article 3520 of the Civil Code provides that prescription ceases to run when the debtor makes acknowledgment of the right of the person whose title they prescribed.

A partial payment is an acknowledgment of the debt and interrupts prescription. Holmes Co., Ltd. v. Hiller, 7 La. App. 590; Hirsch v. Montgomery, 8 La. App. 243; Canal Bank & Trust Co. v. Bank of Ascension, 140 La. 465, 73 So. 269.

The issuance of a check, though not paid, suffices. Victory Gravel Co. v. Dyer, 17 La. App. 123, 134 So. 701.

The case of Sleet v. Sleet, 109 La. 302, 33 So. 322, relied upon by defendant, is not in point. Block Co. v. Papania, 121 La. 683, 46 So. 694; Bennett-Brewer Hardware Co. v. Wakeman, 160 La. 407, 107 So. 286.

We find the judgment of the lower court correct, and it is accordingly affirmed.