**WILLIAMS v. PLUMB.***

No. 5213.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

---

Dickson & Denny, of Shreveport, for appellant.

John T. Carpenter, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff sues for balance due on account for professional services rendered defendant and members of his family during the years 1930, 1931, and 1932. The account discloses a balance of $68 due at close of the year 1931, which is supplemented by charges aggregating $67, for services rendered in 1932, against which there is an admitted credit of $10 on September 6, 1932.

Defendant pleads, in bar of plaintiff's right to recover the balance due on the account at close of 1931, the prescription of three years provided in article 3538 of the Civil Code, as amended by Act No. 78 of 1888. This suit was filed July 5, 1935. On behalf of plaintiff, it is asserted and urged that the payment of $10 made September 6, 1932, amounted to an acknowledgment by defendant of the entire account prior to that date, and operated an effective interruption of the current of prescription thereon. Defendant contends that the $10 payment was intended by him to only extinguish charges on the account of March 15, April 12 and 23, and May 18, 1932, which, however, aggregate only $9, and not as a credit against the entire account. Defendant here admits owing all of the balance of the 1932 account excepting charges for two calls which will be hereinafter referred to.

The lower court overruled the plea of prescription, and gave plaintiff judgment for the amount sued for. Defendant appealed.

A partial payment on an account is an acknowledgment of liability thereon, and operates as an interruption of prescription. American Furniture Co. v. Patterson (La. App.) 157 So. 174; Canal Bank & Trust Co. v. Bank of Ascension, 140 La. 465, 73 So. 269.

Therefore, if the payment made by defendant on September 6, 1932, is proven to be a credit on the whole account to that date, this suit was timely filed, and the plea is not well founded.

Plaintiff testified that the payment was on the account, while defendant says it was made for the restricted purpose of covering the four charges above named. The account on its face, taking into consideration the credit referred to, is not prescribed. The burden rested on defendant to sustain by preponderance of proof his contention as to the restricted purpose of the payment. We are of the opinion that he has not done this. The account discloses that, for each of eight months of the year 1931, defendant paid $10; the last being in December. No further payment was made until the following September. On the face of things, it would appear that this September payment was simply in keeping with the course he had followed in making the eight payments prior thereto. There was as much reason that this payment should have been intended to apply as a credit on the account as was the case with the others for like amount. Another fact in connection with this payment, having some significance, is that it overpaid by $1 the charges defendant says it was intended to pay. The account was long in arrear. Payments were made thereon intermittently for some 15 months. It is unlikely that defendant would have overpaid any part of it. It is equally unreasonable to think that plaintiff would have accepted the payment under the restrictions claimed by defendant. It is not unreasonable to conclude from all the circumstances, that this payment was made without any restrictions whatever as to its application as a credit on the past-due account; and we so hold.

Defendant contends that plaintiff agreed not to charge him for two calls in 1932.

This is disputed by plaintiff and affirmed by defendant's wife. Defendant has no personal knowledge of the facts, beyond what he says his wife told him. On this score the case is with plaintiff. His own evidence established the correctness of these two charges, and that in contradiction thereof does not overcome it.

For the reasons assigned, the judgment appealed from is affirmed, with costs.