## GARDINER v. MONTEGUT. *

### No. 16396.

Court of Appeal of Louisiana. Orleans.

Oct. 4, 1937.

For prior opinion, see 175 So. 120.

R. A. Tichenor, Sr., and Hubert M. Ansley, both of New Orleans, for appellant.

Wm. H. Talbot, of New Orleans, for appellee.

PER CURIAM.

In an application for rehearing counsel for plaintiff-appellant suggests that, inasmuch as the plea of prescription which we sustained and on which we dismissed this suit was filed in this court and had never been considered by the court a qua, we should have remanded the matter in order to afford to the trial court an opportunity to consider the plea and to appellant an opportunity to introduce such evidence touching upon the possible interruption of prescription as may be available.

We recognize the rule to the effect that where, in an appellate court, a plea of prescription is filed and in answer thereto it is contended that there has been an in-

*Writ of certiorari refused Oct. 29, 1937.

terruption of prescription and that evidence thereon is necessary, the matter should be remanded in order that such evidence may be introduced. Huerstel v. Pingel, 16 La. App. 343, 134 So. 437.

"If the plea of prescription is filed by the defendant, for the first time, in the Supreme Court, and the plaintiff demands it, the cause will be remanded to try that issue in the court below." Landers v. Tuggle, 22 La.Ann. 443.

Here, however, when defendant-appellee filed the plea of prescription, plaintiff-appellant, instead of praying for a remand of the case, submitted the entire matter after argument on the plea of prescription both orally and in brief and on the record as made up. The suggestion, therefore, that we remand the case, comes, we think, too late. Long v. Succession of Scott, 21 La.Ann. 120.

The rehearing is refused.

Rehearing refused.