JULIAN E. BAILES, Judge Pro Tem.
Plaintiff sued defendant to recover $30,800, together with legal interest thereon from date of judicial demand, alleging that she contributed this sum toward the payment of a greater sum owed by defendant to two third parties on the purchase price of a finance company. The inference of the petition is that this loan (contribution) was made on or before January 29, 1971, as the allegation is that the debts owed to the two third parties were due on that date. This suit was filed on August 15, 1974.
To this action the defendant filed an exception of prescription of three years under LSA-C.C. Article 3538. The trial court sustained the peremptory exception and dismissed plaintiff’s suit. Plaintiff appealed. We affirm.
On the face of the petition, two facts are in bold relief. First, this is an action to recover the proceeds of an alleged loan of money. Secondly, the claim has prescribed as more than three years has elapsed since plaintiff allegedly loaned defendant the $30,800.
Therefore, on the trial of the exception of prescription the plaintiff had the burden of proving facts which either interrupted or suspended prescription. This she attempted by her corroborated testimony that the defendant had verbally acknowledged this indebtedness to her. Her testimony was:
“Q. And did, for example, Mr. Bryan ever acknowledge this indebtedness to you?
“A. To me, yes.
“Q. When was that?
“A. Specifically I can’t answer that, Mr. Dazzio, on numerous occasions.
“Q. Well, generally, would it be in the year 1972 or 1973, or prior to that time?
*360 “A. Well, sometime in the winter of the same year that I drew the $30,800, Mr. Bryan and I had a serious personal disagreement. Up until that time there was no question of what he owed me or anything else. After that, there was.”
The plaintiff endeavored to prove a partial payment of the loan through a check drawn on July 31, 1972, in the amount of $150 on the A. L. Bryan Special Account. The plaintiff testified that she had authority to draw checks on this account and that she drew the $150 check from this account which check then was deposited in her own account. It was her testimony that the defendant owed her this money and she took it. Proof is clear that the plaintiff returned this money to defendant’s account by a check drawn on her personal account on September 28, 1972, and deposited it to A. L. Bryan Special Account on October 1, 1972. There was a notation made on the stub of check no. 252 (the July 31, 1972 check) “deposited back, 10-1.” Plaintiff acknowledged the handwriting on the deposit slip of October 1, 1972, returning the $150 to the A. L. Bryan Special Account was hers.
The defendant’s explanation of the $150 check is that plaintiff drew this check on his account because she needed the money in her checking account to cover an overdraft. According to his version of the incident, plaintiff promised to return the money which she, in fact, did at a later date. It was his testimony that the plaintiff could draw checks on his account for business reasons but only with his authority.
Finally, the defendant acknowledged in his testimony, that the plaintiff transferred $30,800 from her personal account to his account, explaining that it was corporate money that was given to her that she transferred back. “I owe her nothing.”
 While appellant cites the case of Bennett-Brewer Hardware Co. v. Wakeman, 160 La. 407, 107 So. 286 (1926) to support her position that an oral acknowledgment of a debt will interrupt prescription, we do not come to an application of this law for the reason we find that the plaintiff has not sustained the burden of proving by a preponderance of the evidence that she did loan $30,800 to defendant. Also, appellant cites Marr v. Johnson, 204 So.2d 806 (La.App. 2nd Cir. 1967) as authority for urging this Court to hold that the payment of $150 by means of a check drawn by plaintiff on the account of the defendant is an aoknowledgment of the debt and interrupts prescription. Under the facts related supra, we do not find that there was a payment on the alleged loan.
Appellant argues, alternatively, that her claim for the return of the $30,800 is a personal action under LSA-C.C. Article 3544. The petition is artfully drawn to avoid the use of the word “loan” in describing the alleged transaction between the parties. In the petition, the transaction was described as a contribution rather than as a loan; however, this does not render the transfer of funds (by whatever description) between these parties an advance, or the recovery thereof, a personal action liberative prescriptive period of which is ten years. The case of Glenn v. G. T. Dunbar’s Administratrix, 10 La. Ann. 253 (1855), cited by. appellant, is inapplicable.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.