## ALEXANDER R. SPLANE *v.* JOHN L. DANIEL.

An endorsement of a partial payment, in the hand writing of the holder of the note, without other proof that a payment was made at the date mentioned in the endorsement, is insufficient to interrupt prescription.

APPEAL from the District Court of St. Landry, *Boyce*, J.

*Splane*, appellant, *pro se.*

*T. H.*, and *W. B. Lewis*, for the defendant.

MORPHY, J. This action is brought upon a promissory note for $578 57, drawn by Curtis and Daniel, to the order of Babcock, Gardiner & Co, and by the latter endorsed to the plaintiff, without recourse. The note bears date the 16th of February, 1833, is payable six months after date, and draws interest at eight per cent per annum from maturity until paid. On the back of this note, a credit is endorsed in the hand writing of the plaintiff for two hundred dollars, received of B. C. Curtis, on the 14th of February, 1835. To this demand, the defendant, among other means of defence, sets up the plea of prescription. He had a judgment below in his favor, from which the plaintiff appealed.

More than five years having intervened between the maturity of the note sued on, and the inception of this suit, which was brought only in November, 1839, the defendant's plea must prevail, unless prescription is shown to have been interrupted in one of the modes pointed out by law. The credit endorsed on the note being in the plaintiff's own hand writing, cannot avail him, unless he shows that the payment was made to him at the time therein mentioned. This he attempted to do by examining Charles Gardiner, a member of the firm of Babcock, Gardiner

& Co, from whom he had received this note for collection, and by whom it was subsequently transferred to him. This witness states that on the books of the firm, there is, on the 14th of January, 1837, a credit in favor of the plaintiff for $410, on account of this note. He does not recollect when the transfer of this note was made to the plaintiff, but believes it was after the payment of this sum. Nor does he mention whether any other sum was paid at the time of the transfer. Another witness, B. A. Curtis, the former partner of the defendant, and the very person who is mentioned as having made the payment on the note, was also examined on behalf of the plaintiff. No direct interrogatory was put to him in relation to the time and circumstances under which this payment was made; but, in answer to the general interrogatory calling upon him to state all facts that might be important to the plaintiff, he says, that there is a credit of two hundred dollars endorsed on the note, without stating when this payment took place, or if it was made by him. This evidence does not authorise us to reverse the judgment of the District Court.

*Judgment affirmed.*