## McMASTERS *v.* MATHER.

An action against the maker of a promissory note will be prescribed by five years from its maturity, though the maker reside during that time in another State, where the holder was aware of the place of his residence.

An endorsement of a partial payment made on a promissory note, where there was no evidence to show in whose writing it was, nor when it was madé, will not interrupt prescription.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. This was an action on a note dated and payable in New Orleans. *Van Dalson*, for the appellant. *Prentiss* and *Finney*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. We think the plea of prescription was properly maintained. See *Hatch* v. *Gilmore*, 3 An., 508. *Duncan* v. *Ford*. *Tyson* v. *McGill*, 15 La. 145. The case of *Boyle* v. *Mann*, ante p. 170, is not in point. There the evidence was considered as authorizing the inference of a dishonest purpose, and that the debtor had departed from the United States with the avowed purpose of baffling his creditors. Besides, *Mather* appears to have lived in Mississippi from the date of the note to a period of five years subsequent to its maturity, and the plaintiff was aware of his residence.

We are also of opinion that the district judge did not err in refusing to consider the note as relieved from prescription, by the endorsement which appeared on it.

It matured in 1841, and on the back was written: "Received on the within from J. E. *Morehouse*, eighty-one dollars in gold, December 11th, 1843." This suit was brought in March, 1848. There was no evidence to show in whose hand writing the endorsement was, nor when it was put there. The case is fully covered by that of *Roseboom* v, *Billington*, 17 Johnson, 181.