## THE UNION BANK OF LOUISIANA *v.* NARCISSA C. DOSSON et al.

A mortgage given directly in favor of the Union Bank for a loan of money, comes under the letter of the Act of 1843, and need not be reinscribed.

When an obligation is *primâ facie* prescribed, there must be authentic evidence of the interruption of the prescription, before the party in whose favor the obligation is made can proceed by the *viâ executivâ*.

The receipts of the cashier of a bank upon such an obligation, would not even be admissible to prove the interruption of prescription in an ordinary suit.

APPEAL from the District Court of the Parish of Franklin, *Wilson*, J. *Phelps* and *Hendry*, for plaintiff. This is an application by plaintiff, for an order of seizure and sale against *Mr. N. C. Dosson et al.*, as owners and possessors of a tract of land and slaves, mortgaged by *Hugh B. Johnson* and his wife *Mary Johnson*, to the Branch of the Union Bank of Louisiana, at

Avoyelles. The amount claimed is $2500, with ten per cent interest from the 1st day of June, 1840.

The act of mortgage was recorded 1st day of June, 1833, the date of the bond and mortgage declared on. The bond was for five thousand dollars, and half of which has been paid. *Hugh B. Johnson* and his wife are dead. The property by various sales, which are shown by the record, has passed into the hands of third persons, in whose hands, plaintiffs seeks to enforce the mortgage, and have the same seized and sold to pay the balance of the debts and interest.

The petition was presented to Judge Barry, of the Eleventh District, who refused the order prayed for a seizure and sale. The ground on which the order was refused, was, that the mortgage had not been reinscribed within ten years after the first inscription.

The plaintiffs have appealed from this judgment refusing the prayer for writ of seizure and sale, and asks this honorable court to reverse the judgment of the judge below, and grant the order on the following grounds : 1st. The mortgage privilege was not lost upon the property mortgaged by the failure to reinscribe in ten years. The article 3333 of the Civil Code, does not apply to mortgages made in favor of property banks. The article of the code, has been so amended as to exclude the banks from the operation of the art. 3333 C. C. See Acts of March 11th, 1842, and 27th March, 1843. 2d. *Hugh B. Johnson* and his wife *Mary Dash*, both deceased, anterior to the expiration of the ten years, from the date of the first registry, or recording of the mortgage, and as his property went into the hands of a curator, and was administered as an insolvent estate. The mortgage privilege did not expire by the failure to reinscribe. This doctrine is held in 7 R. R. 62.

The charter of the bank authorizes the seizure of property mortgaged in the hands of third persons, in the same manner as if the property had not been transferred, and a surrender by an insolvent, does not impair the rights of the bank as mortgagee; consequently the death of the party in this case, and the subsequent sale of the mortgager's estate by the probate judge, has not destroyed the right of the bank to seize and sell the property in the hands of third persons to satisfy their debts.

The court is respectfully referred to the decision in 4th Ann. 471, in the case of the Improvement and Banking Company; although between ordinary persons, the inscription would fail for want of reinscription, but the Act of 1842, and No. 96, page 52, reinscription is unnecessary; and, the Acts of 1843, No. 87, page 52, take from the recorder of records, the power to erase mortgages for want of reinscription in favor of minors interested and absent persons, nor to such mortgages as in favor of property banks; and, the object of reinscription, is merely to dispense from searching more than ten years back in ordinary transactions. 4 L. A. 476.

*Garrett*, for defendant. 1. More than ten years had elapsed from the date of the mortgage, (June, 1833,) before any attempt was made to reinscribe it. The parish judge certifies, that it was reinscribed on the 22d August, 1843. At that time, it had passed into the hands of *M. B. Desha*, a third party holding by purchase. At the expiration of ten years, the mortgage ceased to be operative on the property in the hands of *Desha*. 2 Ann. 522-3. Ib. 111. Ib. 800. C. C. 3333.

The Act of 11th March, 1842, only makes an exception "as to mortgages which have been given or may be given by stockholders of the various property banks of the State." Acts 1842, p. 232. This was not a mortgage of that character. It is respectfully submitted, that the Act of 27th March, 1843, does not apply to a case like this. The rules of construction would hardly justify the conclusion, that the Act of 1843, repeals the general provision contained in C. C. 3333. At the time of the passage of the Act of 1843, the art. 3333, as modified by the Act of 11th March, 1842, was the law of the land. Does the "new law" of 1843, " contain provisons contrary to or irreconcilable with those of the former law?" C. C. 23. If the Act of 1843, can be so construed as not to interfere with the law as it then stood, is it not the duty of courts to adopt that construction ? Is it safe to adopt as a rule of our jurisprudence, the principle, that the existing laws of the land may be repealed by implication, unless such repeal clearly and necessarily results from the subsequent legislative enactment ? 4 Ann. 476. 3 Ann. 399. 2 Ann. 919. 1 Ann. 54. 5 Ann. 122. Ib. 397. The period of ten years from the date of the

mortgage, expired on the 1st June, 1843. If the Act of 17th March, 1843, is applicable to the mortgage filed in this case, then the property in the hands of *Desha* would still be affected by it, if this act did not interfere with the vested rights of *Desha*. He purchased the property subject to a mortgage, which, according to the law, as it then stood, could only be preserved by a reinscription before the expiration of ten years. It is submitted, that a subsequent legislative enactment rendering his condition more onerous, would be unconstitutional, and its construction must be so limited, as not to increase his liability beyond what was implied in the terms of his contract.

2. The pleas of the prescription of ten years, should be sustained. The only evidence of any acknowledgment by the debtor, consists of certain receipts entered on the back of the obligation, by the cashier. His would not be sufficient to sustain an ordinary action. The death of *Johnson* and wife, did not interrupt prescription. It runs in favor of as well as against successions. 11 R. R. 449. C. C. 3492, 3493. 12 R. R. 508-9. 2 Troplong, (prescription) 804 to 808.

By the court :

ROST, J. This is an appeal from the refusal of the district judge to grant the plaintiffs an order of seizure and sale of certain property mortgaged to them, by *H. B. Johnson* and wife, to secure a loan of money, and now held by the defendants as third possessors.

The appellees pray for the affirmance of the judgment, on the following grounds : 1st. The mortgage, so far as they are concerned, has been lost, for want of reinscription within ten years. 2d. The evidence upon which the order is asked, is not all authentic. 3d. The claim against the principal debtor, is barred by lapse of time.

The mortgage given by *Johnson* and wife, was given directly in favor of the Union Bank, for a loan of money ; it comes, therefore, under the letter of the Act of 1843, dispensing all such mortgages from the necessity of reinscription. It may be observed, that the mortgage sued upon, was given within the ten years which preceded the promulgation of that act. The first ground is, therefore, not tenable. 4 Ann. 471.

More than ten years elapsed since the signing of the bond, but several partial payments are endorsed upon the back of it, by the cashier of the bank, the last of which, purport to have been made within the ten years which preceded the institution of these proceedings. This evidence of payment would, perhaps, be unobjectionable if the plea of prescription could not be set up. But, as the obligation is *primâ facie* prescribed, there must be authentic evidence of the interruption of the prescription, before the party can proceed by the *via executivâ*. The receipts of the cashier, so far from having that character, would not be admissible to prove the interruption of prescription in an ordinary suit. His testimony to the same fact being superior evidence, we are, therefore, of opinion, that the district judge did not err, although we do not agree with him in the reasons he gave for refusing the order of seizure and sale.

The judgment is affirmed, with costs.

SLIDELL, J. Where an obligation is on its face so ancient as to appear to be prescribed, I do not think an order of seizure and sale should be issued upon it, especially against a third possessor, without authentic evidence, that prescription has been interrupted or renounced. Here, there was no such evidence. The endorsements of payment by the cashier, have no authenticity.

Considering this a sufficient reason for not disturbing the decree of the district judge, I have not thought it necessary to express an opinion upon the subject of reinscription.