## T. MASKELL *v.* T. POOLEY—TROWBRIDGE, Opponent.

A credit appearing on a note, will not interrupt prescription, unless it is shown where and by whom the payment was made.

Where a judgment creditor seizes property on execution and a third opponent sets up a privilege on the thing seized, it is competent for the seizing creditor to plead prescription against the opponent, nor will the circumstance that the opponent, since the filing of his opposition, obtained a judgment on his claim in a different court, affect the seizing creditor's right to make the plea.

APPEAL from the District Court of St. Mary, *Voorhies,* J.

*A. S. Tucker* for *Trowbridge. J. G. Oliver,* for *Maskell,* Appellant.

LEA, J. The plaintiff, a judgment creditor of the defendant, having caused to be seized on execution, a twelve months' bond, the property of the defendant, is opposed by *Isaac Trowbridge,* who avers that he has a privilege upon said bond or its proceeds of a higher rank than that of the seizing creditor : the said bond being a part of the proceeds of a property upon which he has a recognized privilege as a furnisher of materials, as appears from the note of the defendant, which is in the following words :

$404 65.                         FRANKLIN, LA., June 20, 1848.

One day after date, I promise to pay to *M. Walker & Co.,* or order, four hundred and four dollars and sixty-five cents, for value received in lumber and nails and other materials furnished for school house, dwelling, kitchen and store house, on which *M. Walker & Co.,* have a privilege, and I hereby acknowledge their privilege to·be good and correct on the same, bearing interest at eight per cent., from the first of June until paid.     THOMAS POOLEY.

This note is credited with a payment of $45 75, purporting to have been received on the 14th of January, 1853. To the claim thus set up, *Maskell* pleads the prescription of six months,as against the privilege, and that of five years as against the note. We think it material to examine, only, the validity of the plea of prescription of five years.

The third opposition of *Trowbridge* was not filed until the 2d of February, 1855, nearly seven years after the maturity of the note. On the same day that the third opposition was filed, the opponent instituted a suit upon the note, against the defendant, against whom he, afterwards, obtained judgment.

The only proof offered to establish an interruption of prescription, consists in the endorsement upon the note of the credit of $45 75, purporting to have been made on the 14th of January, 1853 ; but there is no evidence showing by whom or when this endorsement was made. We think the District Judge erred in considering the note as relieved from prescription by the endorsement appearing upon it; proof should have been made of the payment and of the date when it was made. The fact that the third opponent, after the filing of his opposition, obtained judgment, in a distinct suit, against the defendant, in no manner impaired the right of the plaintiff, as a judgment creditor of the same defendant, to plead prescription against the note sued upon.

It is ordered that the judgment appealed from, be reversed, and that there be judgment in favor of *Thomas Maskell,* the appellant, and against *Isaac Trowbridge,* the appellee, decreeing that the demand contained in the third opposition of said *Trowbridge,* be rejected, and said opponent and appellee pay costs in both courts.