### ADAM BEATTY, Syndic, v. ROSE CLEMENT, Widow TÊTE.

Endorsements of partial payments in the handwriting of the holder of a written obligation, are not of themselves sufficient proof of an interruption of prescription. They will, however, when other facts are shown leading inevitably to the conclusion that the holder of the obligation made the endorsements before prescription was acquired in favor of the debtor, and against his own interest. The assignee of a bank mortgage which, by the charter, is not affected by a succession sale, has the same right as the assignor to disregard such sale.

APPEAL from the Fifth District Court for the Parish of Assumption, *Cole*, J. A. *Beatty*, for plaintiff. *C. Belcher* and *A. Gentile*, for defendant.

SPOFFORD, J. (BUCHANAN, J., absent.) The defendant and appellant contends that her plea of prescription should have been sustained.

Taking into view all the circumstances of the case, we think an interruption of prescription has been satisfactorily shown.

Endorsements of partial payments in the handwriting of the holder of a bond are not of themselves sufficient proof of an interruption. But it is proved here, not only that the endorsements were in the handwriting of the creditor, but other facts are shown leading inevitably to the conclusion that he made them before prescription was acquired in favor of the debtor, *tempore non suspecto*, and against his interests; that these credits amount to nearly one third of the original obligation; that it would have been as easy for the creditor to put the bond in suit and thus interrupt prescription, as to place false credits upon it, at the time when the endorsements must have been made; and, finally, that the defendant's co-debtor *in solido* recognized the payments as having been made at the dates they purport to have been by acknowledging a specific balance with interest from the date of the last payment to be due, after the term required for prescription had elapsed. See the case of *Beatty, Syndic,* v. *A. Tête,* 9 An., 131.

On the only other point presented, we concur with the District Judge in thinking that the assignment of the debt carried with it the rights and privileges of the assignor, the Union Bank, and that the land in the hands of *Mrs. Jourdan* is therefore liable, notwithstanding the succession sale.

Judgment affirmed.