UNION BANK OF LOUISIANA *v.* FOSTER AND MARY BRADFORD.

A credit endorsed on a bond at a time not suspicious by an officer of the bank in the regular discharge of his duty is sufficient evidence of the payment to interrupt prescription.

APPEAL from the District Court of the Parish of East Baton Rouge, *Beale,* J. *Fuqua & Kilbourne,* for plaintiff and appellant. *A. M. Dunn* and *T. G. Morgan,* for defendants.

COLE, J. This suit was instituted by the Union Bank. Afterwards *Henry Marston,* having purchased the assets of the branch at Clinton and having been subrogated to the rights of the bank, was substituted for the original plaintiff.

This action is to recover a balance due on a bond executed in favor of the bank by *Foster Bradford* and his wife, *Mary,* on the 30th December, 1834, for eleven hundred dollars, payable in twelve months from that time, and secured by mortgage.

The suit is carried on against *Foster Bradford,* who plead the prescription of ten years. This plea was sustained and plaintiff has appealed.

The bond matured on the 30th of December, 1835 ; service was made of the citation and petition in this case on the 24th of June, 1848, and prescription had accrued, unless it had been interrupted.

There is a credit upon the bond, as follows :

"January 1st, 1859.   Received installment................ $137 50
                      Interest on balance........    39 06
                                                   ─────────
                                                    $176 56
                                    HENRY MARSTON, Cashier."

This indorsement is in the hand-writing of *Marston,* and he was cashier at the time it purports to have been made.

This is not of itself sufficient to interrupt prescription, for the indorsement may have been written after the bond was prescribed.

It is, however, established that the bond was protested for non-payment on the 27th January, 1840, nearly six years before prescription could accrue. In the protest the notary copies at length the bond and all the credits indorsed upon it, and, among others, that by *Henry Marston,* of January 1st, 1839.

Notices were given of the protest by the notary by a letter addressed to the defendant at his residence. The act was recorded in the book of protests by the notary on the day after it was made.

It is thus shown that the credit was indorsed upon the bond at a time not suspicious by an officer of the bank in the regular discharge of his duty. It is true that the indorsement does not state by whom the money was paid, but it is unreasonable to suppose it to have been paid by any other person than the defendant or his agent.

This protest also shows that the indorsement was made nearly eleven years before the purchase of the assets of the bank by plaintiff.

The evidence of the cashier could not be introduced, for he purchased the assets on the 25th of November, 1851, and among the rest the bond sued upon with the

UNION BANK
*v.*
BRADFORD.

indorsement in his hand-writing, and on the 31st October, filed his intervention and became the real plaintiff in the suit. *Beatty, syndic,* v. *Clement,* 12 An. 82 ; C. C. 3508 ; *Barelli* v. *Réviere,* 3 An. 46 ; 13 An. 294.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that the intervenor, *Henry Marston,* recover of the defendant, *Foster Bradford,* five hundred and fifty dollars with interest thereon at the rate of ten per cent. per annum, from the 30th day of December, 1839, until paid, and four dollars cost of protest, and the costs of both courts, subject to a credit of four hundred and fifty-one dollars and ten cents, made at Sheriffs' sale on the 1st of May, 1847 ; it is further decreed, that the mortgage of the intervenor, *Marston,* be recognized upon the two slaves, *Pinah* and *Elloch,* mentioned in the Act of mortgage of *Foster Bradford* and wife to the bank of the 13th December, 1834, and that they be seized and sold to satisfy this judgment.