### F. M. JACKSON et al. *v.* A. M. JONES et al.

Those who possess not for themselves, but in the name of another, cannot change the nature of their tenure so as to acquire the legal possession which is the basis of a title by prescription.

APPEAL from the District Court of the Parish of Madison, *Farrar*, J. *Hynes & Snyder*, for plaintiffs and appellants. *Short & Parham*, for defendants.

COLE, J. On the 18th of July, 1836, by virtue of the Act of the Legislature of the 2d April, 1835, and that of the 7th of March, 1836, authorizing a certain disposition of Public School Lands situated in the parishes of Carroll and Natchitoches, the trustees for the Public School Fund for ward number one, in the parish of Carroll, caused to be sold at public auction a lease for fifty years of lot number four of section 28, in township 17, R. 13 E., containing one hundred and forty-four acres. Sess. Acts, 1835, p. 225 ; Sess. Acts, 1836, p. 102.

At the sale, *James W. Wall* became the purchaser of the lease for a certain sum, for which he executed his five several promissory notes, each for the sum of one thousand two hundred and nine dollars and sixty cents, payable to the order of, and endorsed by *H. P. Morancy*, and severally maturing on the 18th of July of each year after the date of the sale aforesaid.

This suit is instituted against the administrator of the estate of *Wall* and against *Jones*, who purchased the lease of *Wall* upon the four notes last maturing.

Plaintiffs ask that the defendants may be decreed to surrender unto them the land sold, as aforesaid, or to pay the notes and interest.

The plea of prescription of ten years was filed by the defendants and was sustained by the court.

Plaintiffs have appealed, but have made no appearance in this court.

By virtue of the resolutory condition implied in all commutative contracts, the plaintiffs are entitled to a dissolution of the lease, or to the amount of the notes. C. C. 2041. But this action is prescribed by the lapse of ten years from the time when the defendants were in default for the price. C. C., Art. 3508 ; *George v. Lewis*, 11 An.. 656.

In affirming the judgment, we would remark, that we consider the plea of prescription of ten years, which has been plead in this case, as barring the action for the dissolution of the contract of lease, and not as giving a title to the land to the defendants, by virtue of Article 3437 of the Civil Code, by which immovables are prescribed for by ten years when the possessor has been in good faith, and held by a just title during that time, and so we understand the judgment of the District Court.

Defendants did not possess the land for themselves, but held it as lessees, and they cannot change the nature of their tenure. Those who possess, not for themselves, but in the name of another, as farmers, depositaries, and others who acknowlege an owner, cannot acquire the legal possession, because, at the commencement of their possession, they had not the intention of possessing for themselves, but for another. C. C., Arts. 3404, 3449, 3455.

The plea of prescription of five years was also made by the administrator of the estate of *Wall*.

This plea is also valid. The notes were prescribed after the lapse of five years from their maturity, and the mortgage given to secure their payment being a mere accessory, was extinguished with them. C. C., 3505 ; *Succession of Linderman,* 3 An., p. 714.

Judgment affirmed, with costs.