No. 1542.—WIDOW ALINE BOULIN *v.* JAMES RAINEY.

Credits on the back of a promissory note to be evidence against the maker must be shown to have been placed there with his knowledge and consent.

The plea of general denial only admits the signature on the face of the note. An agreement on the back of the note, signed by the maker, does not form a part of it, and is not admitted by the general denial.

APPEAL from the Sixth District Court of New Orleans. *Duplantier*, J. *Jerome Meunier*, for plaintiff and appellee. *Randolph & Singleton*, for defendant and appellant.

LUDELING, C. J. This suit is instituted on two promissory notes— one for five hundred and ninety dollars and seventy-three cents, due fifteenth of March, 1864 ; the other, for the sum of three thousand three hundred dollars, due twelfth of March, 1860.

The plea of prescription has been filed in this court.

Citation was served on the defendant in this case on the seventh of May, 1867.

The note for five hundred and ninety dollars and seventy-three cents is not prescribed. The other note is prescribed on its face. But it is contended by the plaintiff that the payment of the note was prorogated by agreement with defendant and that partial payments were made at different times as appears from the indorsements on the back

of the note, and thus prescription was interrupted. These memoranda were not proved or offered in evidence, and although they might be proof against the party who had possession of the note, if offered in evidence, they prove nothing against the defendant, unless it be established that they were written by him, or with his knowledge and consent, or at least that the credits were given before prescription had accrued and at a time not suspicious. 12 An. 83, 661.

The renewal on the back of the note, purporting to have been signed by the defendant, was not offered in evidence—*non constat*, that if it had been, the defendant would not have objected to it and denied his signature. His general denial admitted *his signature to the note only*. We do not consider the agreement on the back of the note a part of it.

We do not regard this case as coming within the rule announced in Maxwell *v.* Kennedy, 10 An. p. 798.

The plaintiff has asked us to remand the case if we considered the plea of prescription well founded.

It is therefore ordered, adjudged and decreed that the judgment of the lower court in favor of the plaintiff for the sum of five hundred and ninety dollars and seventy-three cents, with eight per cent. per annum interest from the twelfth of March, 1863, be affirmed, and that in other respects it be avoided and set aside. It is further ordered that this cause be remanded to the District Court to be tried on the plea of prescription, and that the defendants pay the costs of the District Court, and that the appellee pay costs of the appeal.