No. 3212.—ZENON AREAUX v. VALERY L. MAYEUX et als.

If more than five years have elapsed between the date of credits placed on a note, the latter
credit must be shown to be in the handwriting of the debtor in order that it may be
urged as an interruption of prescription. Evidence that it is in the handwriting of the
creditor with the knowledge of the debtor, will not suffice to interrupt prescription. 21
An. 748.

APPEAL from the Seventh Judicial District, parish of Avoyelles.
Miller, J. Edwards & Ducoté, for plaintiff and appellant. Waddill
& Barbin and Irion & Overton, for defendants and appellees.

TALIAFERRO, J. The plaintiff sues on a promissory note, dated
January 9, 1859, made payable one year after date. Several credits
are indorsed on the note, the second on the ninth of January, 1862,
the third and last on the twenty-fourth of August, 1867, more than
five years intervening. Suit was brought and citation acknowledged
on the third February, 1870. The plea of prescription was made by
the defendant, which being sustained by the court below and judg-
ment rendered against the plaintiff, he has appealed.

It seems the indorsement of the last credit is in the handwriting of the plaintiff, who testified that "it was made with the knowledge and consent of Valery J. Mayeux, one of the defendants, who promised to pay and offered to pay the balance of the note, but the witness, thinking the debt well secured, left it in the hands of the defendant," etc.

Prescription had accrued prior to the date of the credit last appearing on the note, and, the act of 1858 requiring a written promise of the debtor to pay the debt in order to revive the obligation, we think the judgment correct.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs. 21 An. 740.