No. 8709

First Circuit

CULLOTA v. WASHINGTON

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Bills and Notes—Par. 195, 216; Prescription—Par. 221.**

In a suit on a promissory note prescribed on its face the burden of proof is on the plaintiff to show that prescription had been interrupted at the time alleged.

2. **Louisiana Digest—Bills and Notes—Par. 195, 231.**

A mere notation of a credit on the back of a note not signed by the maker or

makers not shown to have been made by them nor by their authority, does not establish an interruption of prescription.

3. **Louisiana Digest—Pleading—Par. 25, 42.**
Under the Pleading and Practice Act No. 300 of 1914, Section 1, as amended by Act 228 of 1924, where plaintiff does not in a separate paragraph allege payment on a note, the denial of indebtedness by the defendant will have the effect of denying the payment which would have the effect of interrupting prescription.

4. **Louisiana Digest—Appeal—Par. 730.**
Where evidence of a payment which would have interrupted prescription of a promissory note was not taken because, under the pleading, the trial court thought it not at issue, the case will be remanded to the lower court for evidence on that point.

Appeal from the District Court, Parish of Iberia. Hon. James D. Simon, Judge.

Action by Mrs. Dominica Barranco Cullota, widow of Anthony Cullota, against James Washington et al.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and case remanded for new trial on question of payment.

Porteous R. Burke, of New Iberia, attorney for plaintiff, appellee.

Louis B. Bryant, of New Iberia, attorney for defendants and appellants.

ELLIOTT, J. Suit on note, prescribed on its face at the time of suit, but which purports to have received a credit, before prescription had accrued.

Mrs. Dominica Barranco Cullota, widow of Anthony Cullota, owner and holder of a promissory note for $1808.28, with interest and attorney's fees, dated March 20th, 1919, payable ten months after date, signed by James Washington and Sylvania White,

wife of Ernest White, and Sarah Butler, wife of Sherman Butler, secured by vendor's privilege and special mortgage on a tract of land described in plaintiff's petition, brought suit against James Washington, Sylvania White and Sarah Butler to compel payment, alleging a credit on the note of $71.57, paid January 2nd, 1925. The plaintiff also prayed that a vendor's privilege and special mortgage be recognized and enforced, for the purpose of securing the payment of the note.

Suit was filed March 10th, 1926. Sarah Butler accepted service on March 11th, 1926, and James Washington and Sylvania White were each cited on that day. They all appeared and answering plaintiff's demand, denied being indebted unto her as alleged in her petition. They admitted executing the note sued on and the act of sale with vendor's privilege and special mortgage granted and retained on the land described in plaintiff's petition; but declared in their answer that the note sued on was prescribed; more than five years having elapsed since it became due, before suit was filed and their prayer is that plaintiff's demand be rejected. The district judge, for written reasons filed, rendered judgment in favor of the plaintiff as prayed for. The defendants appealed.

The plaintiff offered in evidence on the trial, the note sued on, with the alleged credit endorsed thereon. Defendants objected to the credit endorsement offered, on the ground that it had not been signed by defendants; nor by any one authorized by them, etc. The court referred the objection to the effect. Plaintiff then offered a certified copy of the act of sale, containing vendor's privilege and special mortgage granted and retained on the land described in her petition. The case was then submitted to the court by the plaintiff and the defendants without further evidence.

The note was prescribed on its face, at the time suit was filed and it was barred by prescription, unless prescription was interrupted by a payment made by defendants or some of them or by their authority on January 2nd, 1925. The burden of proof was upon the plaintiff to show that the current of prescription had been interrupted at the time alleged. The mere endorsement of a credit on the back of the note, presumably in plaintiff's hand, not signed by defendants, nor shown to have been made by them, or some of them, nor by their authority, at the time it purports to have been made; does not establish against defendants an interruption of the current of prescription. Splane vs. Daniel, 11 Rob. 449; McMaster vs. Mather, 4 La. Ann. 418; Union Bank vs. Dosson, 7 La. Ann. 548; Adam Beaty Syndic vs. Rose Clement, widow, 12 La. Ann. 82; Maskel vs. Pooley, 12 La. Ann. 661; Munson vs. Robertson, 19 La. Ann. 170; Gordon Syndic vs. Widow Mariah Schmidt, 20 La. Ann. 427; Widow of Charles Dumonchel vs. Lemerick, 21 La. Ann. 30; Widow Alline Boulie vs. James Rainey, 21 La. Ann. 335; Arieux vs. Mayeaux, 23 La. Ann. 172; Brierly vs. John & Tanner, 28 La. Ann. 245. In this case there was no interruption proved, but the plaintiff contends and the trial judge so held, that such proof on plaintiff's part was not necessary in this case for the reason that defendants, by failing to expressly deny in their answer that they made a payment in the amount and at the time stated in plaintiff's petition, must be deemed under the Pleading Act 300 of 1914, Section 1 (Amdd. Act 228 of 1924), to have admitted that they did. The amending law quoted, in force at the time the suit was filed, provides that a plaintiff shall state his cause of action articulately, that is to say, he shall state each material fact upon which he bases his claim for relief, in a separate paragraph, separately numbered. That the defendant in his answer shall either admit or deny specifically, each material allegation of fact contained in plaintiff's petition and that all material allegations of fact, not denied in the answer shall be deemed to have been admitted.

Plaintiff's petition, Article 1, alleges that defendants are indebted unto her in solido in the sum of $1808.28, with interest and attorney's fees, less a credit of $71.57 paid January 2nd, 1925. She alleges in Article 2, that said indebtedness is due on a note for said amount, subject to a credit of $71.57, made as of date January 2nd, 1925. A payment interrupting prescription was a material averment at the time the suit was filed. Therefore, such fact, under the Pleading Act, should have been alleged accordingly, and in a separate paragraph, separately numbered. Plaintiff did not do that, but alleged the existence of the debt and the amount, less the credit mentioned in averments 1 and 2 as stated. Therefore, defendants had the right to deny the existence of the alleged indebtedness in Articles 1 and 2 in the manner and form as made and as they did so. They were not called on to deny statements made by plaintiff in her averments Nos. 1 and 2; not alleged as material fact, articulately, in a separate paragraph, separately numbered. Their denial is as specific as the averments. Newspaper Feature Service, Inc., vs. Southern Publishing Co., 140 La. 703, 73 South. 777, cited by defendants.

Every fact stated in plaintiff's averments Nos. 1 and 2 are put at issue by the denial, and plaintiff put on the proof thereof in connection with defendants' plea of prescription. It was, therefore, error on the part of the trial court, to hold that defendants failure, to expressly deny, that they had made a payment on the note and at the time stated by plaintiff, must be

deemed under the Pleading Act, to be an admission that they had done so, thereby giving life to the note and the alleged indebtedness, the existence of which was denied by them, when payment was not alleged by plaintiff as a material fact, in the manner and form prescribed by law.

But we do not think plaintiff's demand should be finally rejected; we think that she should have another opportunity to prove the interruption of prescription if she can.

For these reasons, the judgment appealed from is annulled, avoided and set aside. The case is remanded to the lower court for a new trial. The plaintiff to have on the new trial, opportunity to show, if she can, by evidence written or parol, that defendants, or some of them, or somebody acting for them and by their authority, made the payment stated by plaintiff to have been made and at the time mentioned. Defendants to have equal opportunity and right to show otherwise.

The cost of this appeal is to be paid by the appellee. That in the lower court is to abide the final result of the case.