ROGERS, Justice.
Plaintiff sued Francis D. Charbonnet, Jr., formerly a notary public for the parish of Orleans, and the United States Fidelity & Deposit Company of Maryland, the surety on his official bond. The surety company filed an exception of no right or cause of action, which was sustained, and plaintiff’s suit as to it was dismissed. Plaintiff has appealed from the judgment.
Plaintiff alleges that he was the holder and owner for value and before maturity ■of a certain promissory note, dated June 4, 1925, for $2,282., drawn by Mrs. Ellen Carrigan, widow of Frederick Meyers, to the order of and by herself indorsed, payable one year after date, with 7 per cent, per annum interest from date until paid, secured by a first mortgage executed on June 4, 1925, on the property described in the petition, which mortgage was duly recorded in the mortgage office for the parish of Orleans.
That on February 18, 1931, unknown to petitioner, Mrs. Meyers, the mortgagor, by an act executed before the defendant Charbonnet, as notary public, sold the mortgaged property to one Eloise Bennett, his employee, for a stated consideration of $2,900, for which amount Miss Bennett, the purchaser, executed her promissory note, payable one year after date, bearing 7 per cent, per annum interest and secured by mortgage and vendor’s lien on the property purchased, which act was duly recorded in the conveyance and mortgage offices of the parish of Orleans.
That in the act of sale and mortgage by Mrs. Meyers to Miss Bennett it is stated that the property transferred is free of liens and encumbrances, except the mortgage securing the note held by petitioner, which, it is further stated, would be paid and canceled out of the proceeds of the sale.
That on the same day, the said Eloise Bennett, as the holder and owner of the note held by petitioner, appeared before Charbonnet, as notary public, and ordered the recorder 'of mortgages to cancel the mortgage securing the note, which was done; that petitioner’s note was never paid by the maker or by Charbonnet, but instead, on or about July 13, 1934, Char-bonnet requested plaintiff to turn over his note to him, stating that he needed the *151 note for the purpose of taking a elation en paiement of the mortgaged property, or for the purpose of refinancing the mortgage securing the note.
That the note for $2,900, dated February 18, 1931, executed by Miss Bennett, although belonging to petitioner, was never delivered to petitioner, nor were the proceeds of the sale of the note turned over to petitioner by Charbonnet, who sold the note for $2,900.
That when Charbonnet requested and obtained petitioner’s note for $2,282, he knew that the property securing the note had been sold and that Mrs. Meyers, the mortgagor, had paid the note, and he had received or had in his possession the proceeds derived from the sale of the subsequent mortgage note two or three years before.
That Charbonnet embezzled and converted to his own use the mortgage notes of $2,900 and $2,282, the property of petitioner, in his official capacity as notary public; and that because of the fraudulent and wrongful acts of Charbonnet, petitioner has sustained a loss amounting to $2,282, with 7 per cent, per annum interest from June 4, 1925, until paid; and for which amount petitioner prays for a joint and' solidary judgment against Charbonnet and the surety on his official bond.
Plaintiff’s allegation that he was the owner of the mortgage note for $2,900 executed by Miss Bennett is not only not supported by the other allegations of his petition, but is wholly inconsistent with those allegations. Plaintiff admits in his petition that he had no knowledge of the sale by Mrs. Meyers to Miss Bennett until several years after the deed had been executed and recorded. Plaintiff alleges that Charbonnet sold the note for $2,900 and retained the proceeds. But plaintiff further alleges and shows that on the completion of the sale the note of Miss Bennett, the vendee, was delivered to Mrs. Meyers, the vendor. If Mrs. Meyers turned the note over to Charbonnet to sell and he sold it, embezzling the proceeds, Charbonnet owed an accounting to Mrs. Meyers, the owner of the note, and not to plaintiff, who was not a party to and had no concern with the transaction. Plaintiff held Mrs. Meyers’ mortgage note for $2,282, and she and her property were still bound to plaintiff as the holder and owner of the note.
Clearly the sale from Mrs. Meyers to Miss Bennett could not and did not prejudice any of plaintiff’s rights as the holder and owner of Mrs. Meyers’ mortgage note for $2,282. It is true, plaintiff alleges that contemporaneously with the sale by Mrs. Meyers to Miss Bennett, the latter appeared before Charbonnet, notary, and as holder and owner of the mortgage note for $2,282 declared it had been paid and executed a release of the mortgage, which was regularly canceled.
But plaintiff does not allege and show that he has suffered any loss by the alleged fraudulent cancellation by Miss Bennett and Charbonnet of the mortgage securing the $2,282 note executed by Mrs. Meyers. This is so because, if the note be not prescribed, plaintiff has two ac *153 tions, neither of which he has pursued. He has a personal action against Mrs. Meyers, the maker of the note, who is not shown to be insolvent. He also has an action to set aside the alleged fraudulent cancellation and reinstate his mortgage. The settled jurisprudence is, that the rights of morgtage holders are not prejudiced by the fraudulent cancellation of their mortgages. Gallagher v. Conner, 138 La. 633, 634, 70 So. 539, and authorities therein cited.
If the note be prescribed, as it appears to be on its face, the mortgage securing the note has become extinguished.
A mortgage is but accessory to the principal obligation, and when the principal obligation falls the mortgage falls with it. So, the prescription of a note extinguishes the mortgage by which it is secured. Le Beau v. Glaze, 8 La.Ann. 474; Jackson v. Jones, 14 La.Ann. 230; Weil v. Jacobs’ Estate, 111 La. 357, 358, 35 So. 599.
If plaintiff, through his laches, has permitted the mortgage indebtedness to become extinguished, it is clear that plaintiff, and not the surety on the notary’s bond, must bear the loss.
Plaintiff alleges that about three years after the fraudulent cancellation of his mortgage, he delivered the mortgage note to Charbonnet at his request. But plaintiff does not show that he has made any demand on Charbonnet for the return of the note; nor that Charbonnet has refused or is unable to restore the note to him. Nor does plaintiff show that the note has been lost or destroyed. Manifestly, if the note be extant and plaintiff can recover it, he can bring suit on the note against Mrs. Meyers for a personal judgment and against the property for the enforcement of his mortgage. On the other hand, if the note be lost or destroyed, he is not remediless, since he still can sue, as on a lost or destroyed instrument, to obtain a personal judgment against Mrs. Meyers and for the recognition of his mortgage rights. Gallagher v. Conner, 138 La. 633, 70 So. 539.
Our conclusion is that plaintiff has failed to allege or show any loss or damage for which the defendant surety company is liable.
For the reasons assigned, the judgment appealed from is affirmed.
O’NIELL, C. J., absent.