## ZIMMER v. CAUMONT.
### No. 16923.

Court of Appeal of Louisiana. Orleans.
April 10, 1939.

Ernest J. Robin and Joseph A. McCaleb, both of New Orleans, for appellant.

Louis E. Jung, of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff, Henry Zimmer, alleges that he is the holder and owner for value and before maturity, of a certain promissory note dated April 16, 1927, for the sum of $1290, executed by Leon Sampere, payable to his order and by him endorsed, due one year after date with seven percent interest due thereon from April 16, 1932, until paid; that the annual interest due by Sampere had been paid by him on each anniversary of the note, beginning April 16, 1928, up to and including April 16, 1932; that the note was secured by a mortgage granted by Sampere by act before Francis D. Charbonnet, Jr., Notary Public, dated April 16, 1927, and recorded in the Mortgage Office for the Parish of Orleans in M. O. B. 1361, Folio 252, upon certain property described in the petition; that on October 24th, 1933, the note being unpaid, petitioner delivered it to Francis D. Charbonnet, Jr., with instructions to enforce collection; that instead of following his instructions, Charbonnet attempted to "transfer and deliver the said note to the defendant herein", Baptiste Caumont; that Baptiste Caumont was the holder of a note secured by a mortgage on the same property in the sum of $2,675.13, dated January 12, 1928; "that the said mortgage securing the said note, as hereinabove set forth, was inferior in rank to the mortgage held by plaintiff"; that on November 17, 1933, Caumont filed a foreclosure proceeding to enforce collection of his mortgage note and became the adjudicatee of the property mortgaged as security for both notes at the sheriff's sale dated March 13, 1934; that Caumont on March 7, 1934, when the foreclosure was pending, through Pearl S. Russell, an interposed party employed in the office of Ernest J. Robin, Notary Public, appeared as the holder and owner of the $1290 note belonging to plaintiff and, by act before Robin, authorized its cancellation by the Recorder of Mortgages for the Parish of Orleans; that the cancellation of the note by Caumont, through Pearl S. Russell, was illegal because made without right, title or ownership in or to the note. The petition concludes with a prayer for citation against Caumont, who is made defendant, and for judgment decreeing the note owned by plaintiff and cancelled by Caumont to be a legal and enforceable obligation and the mortgage securing the same in full force and effect and directing the defendant to turn over to petitioner the cancelled note and ordering the annullment of the purported act of cancellation before Ernest J. Robin; in the alternative, judgment is asked decreeing petitioner to be the owner of a legal, binding, enforceable first mortgage on the property described in the petition, in accordance with the act of mortgage securing the note, and further, in the alternative, that there be judgment in favor of plaintiff and against the defendant in the sum of $1290.13, with legal interest from October 24, 1933, until paid.

To this petition defendant filed the following:

1. Exception of no right or cause of action.

2. Plea of estoppel.

3. Plea of prescription of one year.

4. Plea of prescription of five years.

The exceptions of no right or cause of action were overruled. The plea of estoppel and the pleas of prescription were referred to the merits. Defendant then answered denying in detail the allegations of the petition and repleading all of the exceptions.

There was judgment below recognizing Henry Zimmer as the holder of a legal and enforceable first mortgage in the sum of Twelve Hundred and Ninety ($1290) Dollars, with interest at the rate of seven per cent. per annum from April 16, 1927, in accordance with the terms and conditions of the act of mortgage of April 16, 1927, before F. D. Charbonnet, Notary Public, and bearing upon the property described in plaintiff's petition and registered in the name of the defendant, Baptiste Caumont. From this judgment the defendant has appealed.

On the trial of the case, plaintiff offered a certified copy of the mortgage note for $1290.13, the original being attached the act of release before Ernest J. Robin, Notary Public. The offer was objected to upon the ground of variance with the note described in plaintiff's petition, it appearing from the copy offered in evidence that the note was payable on demand with interest from date, whereas in the description in the petition it is referred to as payable one year after date with interest from April 16, 1932. The only real difference, however, consists in the fact that the note as offered is payable on demand and as described in the petition

is due one year after date. The reference in the petition to interest being due from April 16, 1932, plainly means, when considered in connection with the other allegations, that all interest due prior thereto had been paid. The note, however, is sufficiently identified by the act of mortgage and we believe counsel's objection to its introduction was properly overruled.

We shall first consider the plea of prescription of five years. Article 3540 of the Revised Civil Code, reads as follows:

"Action on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable."

■ Where a note is payable on demand prescription runs from the date of the note and not from demand. Darby v. Darby, 120 La. 847, 45 So. 747, 14 L.R.A., N.S., 1208, 14 Ann.Cas. 805; Cassou v. Robbert, 166 La. 101, 116 So. 714.

■ The Sampere note was payable on demand. It was dated April 16, 1927, and prescribed on its face five years thereafter, or April 16, 1932. This suit was filed on June 5, 1935. It is obvious, therefore, that the plea of prescription of five years, liserandi causa, is good, unless there has been an interruption.

In Continental Bank & Trust Company v. Simmons, La.App., First Circuit, 177 So. 384, 386, it was said:

"When a note is prescribed on its face, the burden is on the creditor to allege and prove that the course of prescription has been interrupted by some acknowledgment on the part of the debtor, or by some agreement of extension of the maturity date of the debt. Cullota v. Washington, 7 La. App. 75; Commercial National Bank v. McDaniel (La.App.) 156 So. 43."

■ It is contended that prescription has been interrupted by the payment of interest.

"The payment of interest on a promissory note interrupts prescription. Canal Bank & Trust Company v. Bank of Ascension, 140 La. 465, 73 So. 269." Lawrence v. Lawrence, 172 La. 587, 134 So. 753, 756.

On the back of the note there appears the following:

"Int. Pd. ...... 1928
"Int. Pd. ...... 1929
"Int. Pd. to ... 1930
"Int. Pd. ...... 1931
"Int. Pd. ...... 1932."

Zimmer testified that interest had been paid on the note up to 1932, but admitted that Sampere at no time made any payment of interest directly to him and that he did not know who paid it. He received it through Charbonnet. He also testified that he did not know who made the notations on the back of the note. Sampere died December 9, 1932.

In Cullota v. Washington, 7 La.App. 75, it was held that:

"The mere endorsement of a credit on the back of the note, presumably in plaintiff's hand, not signed by defendants, nor shown to have been made by them, or some of them, nor by their authority, at the time it purports to have been made; does not establish against defendants an interruption of the current of prescription. Splane v. Daniel, 11 Rob. 449; McMasters v. Mather, 4 La.Ann. 418; Union Bank v. Dosson, 7 La.Ann. 548; Adam Beatty, Syndic, v. Rose Clement, Widow, 12 La. Ann. 82; Maskell v. Pooley, 12 La.Ann. 661; Munson v. Robertson, 19 La.Ann. 170; Gordon, Syndic, v. Widow Maria Schmidt, 20 La.Ann. 427; Widow of Charles Dumonchel v. Lemerick, 21 La. Ann. 30; Widow Aline Boulin v. James Rainey, 21 La.Ann. 335; Areaux v. Mayeux, 23 La.Ann. 172; Brierly v. Johns & Tanner, 28 La.Ann. 245."

■ In Zimmer v. Charbonnet, 185 La. 148, 168 So. 757, 758, the present plaintiff sued the same notary public whose actions form the basis of this litigation. The Supreme Court said:

"A mortgage is but accessory to the principal obligation, and when the principal obligation falls the mortgage falls with it. So, the prescription of a note extinguishes the mortgage by which it is secured. Le Beau v. Glaze, 8 La.Ann. 474; Jackson v. Jones, 14 La.Ann. 230; Weil v. Jacobs' Estate, 111 La. 357, 358, 35 So. 599."

In Gaillardanne v. Locascio, 166 So. 505, 506, which presents a very similar situation and involves the same notary, Francis D. Charbonnet, Jr., this Court on rehearing said:

"There is no proof that the payments of interest made by Charbonnet [notary] to

Gaillardanne [holder of the note] were made with funds supplied by Locascio [maker of the note], and there is no showing of any express authority in Charbonnet to act in that regard for Loscascio. * * *.

"In Guaranty Bank & Trust Company v. Heiderich, 163 La. 957, 113 So. 161, 164, it was held, in the original opinion, that the authority to pay a note included the authority to make payments of interest, and that, consequently, the payment of the accrued interest on the note had the effect of an acknowledgment of the debt or a new promise so as to interrupt prescription. On rehearing, however, the court reversed itself and held that the authority given a third person before maturity merely to pay a note at maturity 'is not authority to pay the accrued interest thereon, or to partially pay the note after its maturity.' In that case, the defendant, Heiderich, was the vice president and a large stockholder of the Boyce Lumber & Realty Company. Heiderich borrowed from the Guaranty Bank & Trust Company $6,000, for the use and benefit of the corporation, and executed his promissory note for that amount payable October 1, 1917, and secured by mortgage on certain real estate belonging to him. It was agreed that the corporation should pay the note at maturity, which was not done, but, at certain intervals the accumulated interest was paid, and at one time a payment was made on account of the principal. When sued on the note in August, 1924, Heiderich pleaded the prescription of five years, which 'the Supreme Court, in its first opinion, overruled upon the ground that the payments of interest made by the corporation had interrupted prescription, but on rehearing the plea was maintained and plaintiff's suit dismissed, the court saying: 'In such a case as is presented here, to interrupt the prescription which began to run at the maturity of the note, it must appear that the maker, after its maturity, authorized a payment thereon. A payment without such authority is not an acknowledgment of the debt, and such an acknowledgment is necessary to interrupt prescription. * * *

"There is not the least indication in this record that express and special authority had been conferred upon Charbonnet to make the payments of interest which are relied upon to defeat the plea of prescription. * * *".

 What was said in that case is applicable here. Zimmer has failed to prove that prescription has been interrupted. More than five years having elapsed before this suit was filed, defendant's plea of prescription is good.

Since this appeal was lodged in this court, the defendant Caumont died (September 13, 1938) and Mrs. Felicie Dufour Caumont, his widow in community, and Mrs. Dorothy Caumont, wife of Charles F. Downs, decedent's sole heir, have upon proper motion, been made parties.

The view which we entertain concerning the prescription of five years makes it unnecessary for us to consider the other points raised by defendant.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein dismissing plaintiff's suit.

Reversed.