On February 16, 1942, Charles A. Heinz filed this suit alleging himself to be the holder and owner of a promissory note for $896 made to his order by defendant, James C. Tourne, dated March 1, 1934, payable thirty days after date and stipulating for interest at 8% from date until paid, and for 10% additional as an attorney's fee *Page 47 
in the event of necessity for the employment of counsel.
Plaintiff alleges that the following payments were made by Tourne:
February 18th, 1937 ...................................... $10.00 April 1st, 1937 .......................................... 10.00 June 10th, 1937 .......................................... 10.00 August 9th, 1937 ......................................... 10.00
He avers that the $40 represented by the above payments covered the interest on the note to and including September 25, 1934, and he prays for judgment for $896 with the interest and the attorney's fee stipulated for.
Defendant filed a plea of prescription of five years based on Article 3540 of our Civil Code. This plea was referred to the merits and defendant then answered admitting that he had executed the note sued on but denying that he had made the payments alleged in plaintiff's petition, and denying any indebtedness on the note "as said note is prescribed by five years."
After a trial on the merits there was judgment for plaintiff as prayed for and defendant has appealed suspensively.
Since more than five years elapsed between the maturity of the note and the filing of this suit, it is evident that if there was no interruption in the running of its course, prescription had accrued when the suit was filed. Plaintiff realized this and therefore, in order to avoid being met by a plea of prescription, made the allegation that there had been such an interruption and he points to the payments alleged to have been made on the note as having had that effect.
Of course a payment of interest made before prescription has accrued constitutes an acknowledgment of the debt and interrupts prescription.
"The jurisprudence is well settled to the effect that a payment of interest on a debt amounts to an acknowledgment competent to interrupt prescription. As in the case of a partial payment, the courts construe the act of the debtor in paying interest as a recognition of the creditor's right to the full amount of his claim. This type of acknowledgment is employed most frequently in the field of negotiable instruments. * * *" Interruption of Prescription by Acknowledgment in Louisiana, 14 Tulane Law Review 430.
"The payment of interest on a promissory note interrupts prescription." Canal Bank Trust Co. v. Bank of Ascension,140 La. 465, 73 So. 269 (syllabus by court).
Therefore the plea of prescription directed at the allegations of the petition cannot be sustained since the petition contains the averments of fact which, if true, would effect the interruption, i.e. that the interest payments had been made.
In an effort to prove that the payments alleged were made, plaintiff encountered difficulty because of the fact that Mr. Walter S. Lewis, the attorney to whom he had turned over the note for collection and to whom he contends that the payments were made by Tourne, died before the suit was tried. Therefore, plaintiff was deprived of his testimony. Efforts are made to prove those payments in three ways: First, by the showing of the notations made on the back of the note itself which it is contended evidenced those payments; second, by copies of letters written by Mr. Lewis to the plaintiff referring to the payments, and third, by testimony of Mr. Muller, the attorney who succeeded Mr. Lewis and whose testimony is to the effect that after he took over the collection of the note Tourne admitted to him that he had made the payments as alleged in the petition.
The notations on the rear of the note purport to be in the handwriting of Mr. Lewis and after each appears the name: "W.S. Lewis". Mrs. Lewis, the widow of Mr. Lewis, testified that she is familiar with the handwriting and signature of her deceased husband and that the name appearing after each notation is the signature of her husband.
The original letters from Mr. Lewis to plaintiff, referring more or less indefinitely to payments by Tourne could not be produced but Mrs. Lewis testified that she had found her husband's file on the matter and that in it were found carbon copies of letters apparently written by Mr. Lewis to plaintiff and referring to promises of Tourne to make payments and to certain payments which had been made. Plaintiff testified that he had received these letters and that Mr. Lewis had, in some of them, made remittances of amounts collected from Tourne. All of this evidence, of course, was objected to for various reasons; first, that the original letters should have been produced; second that the letters are self-serving; third, as counsel put it, "Mr. Lewis is now dead and we haven't got the right of cross-examination." *Page 48 
Later, counsel for defendant further objected on the ground that the payments referred to in the letters had apparently been made on dates different from those set forth in the petition.
We think that the letters were not admissible; they were private writings between the attorney and his client, and defendant had no way of cross-examining the writer of the letters. The notations on the back of the note, since it was shown that they were in the handwriting of Mr. Lewis, were admissible not to show that the payments had been made but merely for the purpose of showing that there were such notations and for the purpose, as we shall later show, of corroborating other evidence. Although it is generally recognized that the most effective way of showing that a payment has been made on a note is by having the debtor endorse the payment, there is some authority supporting the view that endorsements of payment may be made by the holder of the note and, of course, by his attorney, and that such endorsements will be sufficient to prove payment if other evidence is adduced in substantiation. Beatty v. Clement, 12 La.Ann. 82; Union Bank v. Bradford, 14 La.Ann. 159, and, by inference, Splane v. Daniel, 11 Rob. 449. The present counsel for plaintiff, Mr. Muller, states that he showed the note to Tourne, called his attention to those notations, and asked whether he could not recommence making payments of similar amounts and that Mr. Tourne admitted to him that he had made those payments. Muller said that on November 29, 1940, Tourne called on him at his home to discuss the matter, and that at that time he had called Tourne's attention to those payments and asked him to start making payments again. Muller said that "He said no — that he had made those payments to Mr. Lewis because that was all he could spare at the time, and he couldn't do it at this time."
Counsel for defendant made further objection to the testimony of Mr. Muller, stating that: "that is not pled. We are taken by surprise by any such statement. I think we ought to be limited to the pleadings."
We do not see that the testimony of Mr. Muller was in any way inconsistent with the pleadings. Petitioner had alleged that those payments had been made, and Mr. Muller testified that the defendant admitted to him that he had made the payments. Therefore that evidence did not enlarge the pleadings.
The ground on which the testimony of Mr. Muller is most strenuously objected to by counsel for defendant is that that testimony constitutes an attempt by parol to take the note out of accrued prescription rather than an effort to prove that prescription was interrupted before its course had run. Counsel points to the fact that not only was the testimony of Muller given more than five years after the stipulated maturity of the note but that the purported admission of Tourne was also made after the time at which prescription would have run had there been no interruption. It must be conceded, of course, that parol evidence may not be relied upon to take a debt out of prescription when prescription has already run for Article 2278 of the Civil Code so provides in Paragraph 4. The distinction between the interruption of prescription and the taking of a debt out of prescription which has already accrued seems to be in some cases confusing. As stated in the above-cited article in the Tulane Law Review, "* * * The confusion is due primarily to a frequent failure to distinguish between an acknowledgment which interrupts prescription and one which renounces prescription, the one halting the progress of prescription before it has completely run its course, the other renouncing it after it has accrued. * * *"
The distinction is an important one because, as has been shown and as is clearly established, there may be proof by parol of an acknowledgment sufficient to interrupt prescription which would have no effect at all if it were necessary to show a renunciation of it. Here the testimony given by Mr. Muller, corroborated by the fact that on the back of the note are endorsements made in the handwriting of plaintiff's attorney, is sufficient to interrupt prescription. The testimony though given after prescription had accrued, concerns a fact which is said to have occurred before it accrued. Testimony given for the purpose of showing an interruption of prescription is never given until after prescription would otherwise have accrued. But though given afterwards, it involves some fact claimed to have occurred before. There could be no better proof of such a fact than by an admission and that is what Muller claims now — an admission made afterwards that, prior to accrual, payments had been made. *Page 49 
The prescription depended upon by defendant was interrupted and therefore the plea was properly overruled in the court below.
Consequently, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.